[No. B185846. Second Dist., Div. Five. Nov. 2, 2006.]

COUNTY OF LOS ANGELES, Plaintiff and Respondent, v.
HARCO NATIONAL INSURANCE COMPANY, Defendant and Appellant.

## COUNSEL

Nunez & Bernstein and E. Alan Nunez for Defendant and Appellant.

Raymond G. Fortner, Jr., County Counsel, and Brian T. Chu, Deputy County Counsel, for Plaintiff and Respondent.

## OPINION

**KRIEGLER, J.**—Appellant Harco National Insurance Company (Harco) appeals from the order dated September 7, 2005, denying its motion for relief from forfeiture and summary judgment. We conclude the order is not appealable and dismiss the appeal.

### PROCEDURAL HISTORY

Harco posted a $1 million bond on March 13, 2004, to secure the release of Armin Vossooghi, who was charged with robbery and battery. (Pen. Code, §§ 211, 242.)[1] Vossooghi failed to appear for his felony preliminary hearing on March 22, 2004, before the Honorable Jessica Perrin Silvers. Bail was ordered forfeited, and the court clerk served a notice of forfeiture by mail on April 1, 2004.

On September 30, 2004, Harco filed a motion pursuant to section 1305.4 to extend the 185-day time period in which to surrender Vossooghi. The motion was supported by the declarations of Gerardo A. Juarez, Thomas Anderson, and Jerry Watson. The motion to extend time was denied by Judge Silvers on October 21, 2004.

---

[1] All statutory references are to the Penal Code, unless otherwise indicated.

Summary judgment on the bond was entered in favor of respondent County of Los Angeles on December 7, 2004. The court clerk's notice of entry of judgment on the forfeited bond and demand for payment was served by mail on December 9, 2004. Pursuant to rule 2(a)[2] of the California Rules of Court, the judgment became final on February 7, 2005, 60 days after mailing of the notice of entry of judgment.

On May 20, 2005, Harco filed a motion to vacate forfeiture, set aside summary judgment, and exonerate bail. The motion alleged Vossooghi was arrested in Florida on or about November 24, 2004, and was held for extradition to California. Harco argued that the court's denial of the motion to extend time deprived Harco of the opportunity to locate and return Vossooghi to court.

The county's opposition made three separate arguments. The county argued Harco's motion was untimely, it impermissibly sought review by one judge of the ruling of another judge of equal jurisdiction, and the evidence presented on the earlier motion for an extension did not show good cause to extend the 185-day period for surrender of Vossooghi.

The motion was heard and denied by Judge Larry P. Fidler on August 26, 2005.

## DISCUSSION

### HARCO'S APPEAL IS UNTIMELY AS TO THE GRANT OF SUMMARY JUDGMENT

The county argues the appeal should be dismissed as untimely. The county reasons that the judgment became final 60 days after the court clerk mailed the notice of entry of judgment on December 9, 2004, because Harco did not file a notice of appeal. Because the order granting summary judgment was entered in accordance with the law and was not challenged on appeal, the county contends Harco had no right to collaterally attack the judgment and no appeal lies from Judge Fidler's order, dated August 26, 2005.

Harco responds that its appeal is timely. Harco starts with the assumption that Judge Silvers erroneously denied the motion under section 1305.4 to extend the 185-day period in which to surrender Vossooghi. From the premise

---

[2] Rule 2(a) of the California Rules of Court provides in pertinent part as follows: "Unless a statute or rule 3 provides otherwise, a notice of appeal must be filed on or before the earliest of: [¶] (1) 60 days after the superior court clerk mails the party filing the notice of appeal a document entitled 'Notice of Entry' of judgment or a file-stamped copy of the judgment, showing the date either was mailed."

that the motion to extend the 185-day period was "improvidently denied," Harco argues the court lost "jurisdiction to enter a summary judgment, and any judgment entered thereafter is void." As the argument goes, Harco could attack the void summary judgment at any time, therefore the instant appeal from the denial of the motion to vacate the summary judgment is timely.

■ The county's argument that the order is not appealable is correct. Any challenge by Harco to the order granting summary judgment entered on December 7, 2004, should have been by way of direct appeal. When no timely notice of appeal was filed from the summary judgment, it became final and is not subject to collateral attack.

It is undisputed that summary judgment was entered on the bond on December 7, 2004, and that the court clerk mailed notice of entry of judgment on the forfeited bond and demand for payment on December 9, 2004. Under rule 2(a) of the California Rules of Court, Harco was required to file a notice of appeal on or before 60 days after the court clerk mailed the notice of entry of judgment. Understandably, Harco makes no argument that it filed a notice of appeal within 60 days of the mailing of the notice of entry of judgment by the court clerk. Instead, Harco asserts the summary judgment was void and was therefore subject to collateral attack.

Harco's argument that the summary judgment was void because the court erred in denying the extension pursuant to section 1305.4 is without merit. Even if Harco is correct that Judge Silvers erred in denying the motion to extend time to surrender the defendant—a highly doubtful conclusion that we do not reach—her ruling would not have been in excess of jurisdiction. Judge Silvers had jurisdiction to forfeit bail when Vossooghi failed to appear. (§ 1305, subd. (a) [the court shall declare the bail forfeited in open court when the defendant fails to appear without sufficient excuse].) She also had jurisdiction to hear Harco's motion to extend time. (§ 1305.4.) Indeed, it was Harco that invoked the jurisdiction of the court by filing its motion to extend time under section 1305.4. Once the time to surrender Vossooghi expired, the superior court had jurisdiction to enter summary judgment. (§ 1306, subd. (a).)

■ Harco's contention that the court was without jurisdiction is contrary to the holding of our Supreme Court in *People v. American Contractors Indemnity Co.* (2004) 33 Cal.4th 653 [16 Cal.Rptr.3d 76, 93 P.3d 1020] (*American Contractors*). In *American Contractors*, the Supreme Court explained the procedure to be followed when a defendant on bail fails to appear as ordered. "When a person for whom a bail bond has been posted fails without sufficient excuse to appear as required, the trial court must declare a forfeiture of the bond. (§ 1305, subd. (a).) The 185 days after the date the

clerk of the court mails a notice of forfeiture (180 days plus five days for mailing) to the appropriate parties is known as the appearance period. (§ 1305, subd. (b).) During this time, the surety on the bond is entitled to move to have the forfeiture vacated and the bond exonerated on certain grounds, such as an appearance in court by the accused. (§ 1305, subd. (c)(1).) The trial court may also toll the appearance period under certain circumstances, or extend the period by no more than 180 days from the date the trial court orders the extension, provided that the surety files its motion before the original 185-day appearance period expires and demonstrates good cause for the extension. (§§ 1305, subds. (e), (i), 1305.4.)" (*American Contractors, supra*, 33 Cal.4th at p. 658, fn. omitted.)

In the instant case, the surety filed its motion to extend in a timely fashion, but relief was denied on October 21, 2004. "After the appearance period expires, the trial court has 90 days to enter summary judgment on the bond. (§ 1306, subds. (a), (c).) If summary judgment is not entered within the statutory 90-day period, the bond is exonerated. (§ 1306, subd. (c).)" (*American Contractors, supra*, 33 Cal.4th at p. 658, fns. omitted.) Acting in a timely fashion, the court granted summary judgment, which was entered on December 7, 2004. Notice was served two days later, but no notice of appeal was filed by Harco.

Recognizing that it failed to appeal in a timely fashion from the summary judgment, Harco presses the argument that the summary judgment was subject to collateral attack. The sole reason set forth to support the argument that the court lacked jurisdiction to enter summary judgment is the alleged erroneous denial of the motion to extend the 185-day period. Harco's interpretation of the meaning of jurisdiction, in this context, is incorrect.

■ "The term 'jurisdiction,' 'used continuously in a variety of situations, has so many different meanings that no single statement can be entirely satisfactory as a definition.' (*Abelleira v. District Court of Appeal* (1941) 17 Cal.2d 280, 287 [109 P.2d 942] (*Abelleira*).) Essentially, jurisdictional errors are of two types. 'Lack of jurisdiction in its most fundamental or strict sense means an entire absence of power to hear or determine the case, an absence of authority over the subject matter or the parties.' (*Id.* at p. 288.) When a court lacks jurisdiction in a fundamental sense, an ensuing judgment is void, and 'thus vulnerable to direct or collateral attack at any time.' (*Barquis v. Merchants Collection Assn.* (1972) 7 Cal.3d 94, 119 [101 Cal.Rptr. 745, 496 P.2d 817] (*Barquis*).)

■ "However, 'in its ordinary usage the phrase "lack of jurisdiction" is not limited to these fundamental situations.' (*Abelleira, supra*, 17 Cal.2d at p. 288.) It may also 'be applied to a case where, though the court has

jurisdiction over the subject matter and the parties in the fundamental sense, it has no "jurisdiction" (or power) to act except in a particular manner, or to give certain kinds of relief, or to act without the occurrence of certain procedural prerequisites.' (*Ibid.*) ' "[W]hen a statute authorizes [a] prescribed procedure, and the court acts contrary to the authority thus conferred, it has exceeded its jurisdiction." ' (*Id.* at p. 290.) When a court has fundamental jurisdiction, but acts in excess of its jurisdiction, its act or judgment is merely voidable. (*In re Marriage of Goddard* (2004) 33 Cal.4th 49, 55 [14 Cal.Rptr.3d 50, 90 P.3d 1209]; *Conservatorship of O'Connor* (1996) 48 Cal.App.4th 1076, 1088 [56 Cal.Rptr.2d 386].) That is, its act or judgment is valid until it is set aside, and a party may be precluded from setting it aside by 'principles of estoppel, disfavor of collateral attack or res judicata.' (*Conservatorship of O'Connor*, at p. 1088.) Errors which are merely in excess of jurisdiction should be challenged directly, for example by motion to vacate the judgment, or on appeal, and are generally not subject to collateral attack once the judgment is final unless 'unusual circumstances were present which prevented an earlier and more appropriate attack.' (*Pacific Mut. Life Ins. Co. v. McConnell* (1955) 44 Cal.2d 715, 727 [285 P.2d 636] [general rule is that a 'final judgment or order is res judicata' and not subject to collateral attack 'even though contrary to statute where the court has jurisdiction in the fundamental sense, i.e., of the subject matter and the parties']; 2 Witkin, Cal. Procedure (4th ed. 1996) Jurisdiction, § 323, p. 899.)" (*American Contractors, supra*, 33 Cal.4th at pp. 660–661.)

Contrary to Harco's argument, Judge Silvers did not lack jurisdiction in the fundamental sense. She had a statutory basis for the exercise of judicial power, which Harco invoked by filing the motion under section 1305.4. Again, if Judge Silvers erred, an improbable conclusion given the record, her ruling should have been challenged directly on appeal, rather than by way of collateral attack after the judgment was final. (*American Contractors, supra*, 33 Cal.4th at p. 660.) Had Harco appealed in a timely fashion and "if the voidable summary judgment [had been] set aside on appeal, it [would be] as if it was never entered. If, on the other hand, the judgment [had been] affirmed, it [would] no longer [be] relevant, for example, whether the defendant is subsequently produced." (*Id.* at p. 664.) Harco does not suggest that any exceptional circumstance prevented it from appealing from the summary judgment in a timely fashion. (*Id.* at p. 663.)

Harco relies upon two cases to support its argument that the court abused its discretion in denying the motion to extend the 185-day time period. (*People v. Accredited Surety & Casualty Co., Inc.* (2006) 137 Cal.App.4th 1349, 1357–1359 [40 Cal.Rptr.3d 892]; *People v. Alistar Ins. Co.* (2003) 115 Cal.App.4th 122, 127–129 [9 Cal.Rptr.3d 497].) These authorities demonstrate why Harco's appeal is procedurally defective. In both cases, the surety timely appealed from the denial of a motion to extend the 185-day period and

the subsequent grant of summary judgment. On *direct appeal*, the orders denying the motion to extend time and the summary judgment were reversed on the basis that the trial court abused its discretion by denying the motion to extend time when good cause had been established. Unlike the procedural posture in these authorities, Harco failed to take advantage of the opportunity to appeal within 60 days of the court clerk's notice of entry of summary judgment and judgment.

## DISPOSITION

The appeal is dismissed. The County of Los Angeles is awarded its costs on appeal.

Turner, P. J., and Armstrong, J., concurred.