[No. B213065. Second Dist., Div. Eight. Mar. 16, 2010.]

THE PEOPLE, Plaintiff and Respondent, v.
BANKERS INSURANCE COMPANY, Defendant and Appellant.

## COUNSEL

Neil C. Newson & Associates and Neil C. Newson for Defendant and Appellant.

Paul H.S. Kim, Deputy County Counsel, for Plaintiff and Respondent.

## OPINION

**LICHTMAN, J.***—

### SUMMARY

Bankers Insurance Company appeals from the denial of its motion to vacate a judgment ordering the forfeiture of an $80,000 bail bond. Bankers asserts the court had no jurisdiction to enter summary judgment against the surety on the bond, because the court (at Bankers's request) extended the statutory time for setting aside the forfeiture beyond the time authorized by statute. As a result, summary judgment was granted after the time within

---

*Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

which the court was authorized to do so had expired. We affirm the court's order refusing to vacate its grant of summary judgment. Although the court acted in excess of its jurisdiction when it acceded to Bankers's request to extend the time for setting aside the forfeiture, Bankers is estopped from challenging both that order and the summary judgment premised upon it.

## FACTUAL, LEGAL AND PROCEDURAL BACKGROUND

Bankers posted a surety bond of $80,000 to secure the appearance of defendant Karen Cholakian on a complaint alleging several felonies. Cholakian did not appear on January 29, 2007, for the setting of a preliminary hearing, and the trial court (Judge Patrick Hegarty) ordered bail forfeited. Notice of forfeiture was mailed to the surety on the same date.

■ Under the statutes governing bail bonds, if a defendant appears, either voluntarily or in custody, within 180 days of the date of mailing the notice of forfeiture, the court must vacate the order of forfeiture and exonerate the bond. (Pen. Code, § 1305, subd. (c)(1).)[1] At any time within this period— referred to variously as the appearance period or the exoneration period, which is extended to 185 days to account for mailing of the notice of forfeiture—the surety may seek an order extending the 185-day period. The court may, if good cause is shown for doing so, order the period extended "to a time not exceeding 180 days from its order." (§ 1305.4; see § 1305, subd. (i).) Where several shorter extensions are granted, the courts have held that section 1305.4 allows "an extension of no more than 180 days past the 180-day [(effectively the 185-day)] period set forth in section 1305." (*People v. Taylor Billingslea Bail Bonds* (1999) 74 Cal.App.4th 1193, 1199 [88 Cal.Rptr.2d 713] (*Taylor Billingslea*); see also *People v. Granite State Insurance Co.* (2003) 114 Cal.App.4th 758, 768 [7 Cal.Rptr.3d 887] (*Granite State*) ["[w]e agree . . . that the exoneration period can only be extended an additional 180 days once"].) Once the appearance period has elapsed without the forfeiture having been set aside, the court "shall enter a summary judgment against each bondsman named in the bond" in the amount of the bond plus costs. (§ 1306, subd. (a).) And "[i]f, because of the failure of any court to promptly perform the duties enjoined upon it pursuant to [section 1306], summary judgment is not entered within 90 days after the date upon which it may first be entered, the right to do so expires and the bail is exonerated." (§ 1306, subd. (c).)

In this case, Bankers filed a motion on July 18, 2007, to extend the 185-day period, which was to expire on August 2, 2007. A hearing on the

[1] All statutory references are to the Penal Code unless otherwise specified.

motion was held on August 20, 2007,[2] and the court (Judge Michelle R. Rosenblatt) extended the appearance period to November 20, 2007.[3]

On November 19, 2007, the day before the extended appearance period was to expire, Bankers filed another motion to extend the period for an additional three months. The motion was heard on December 6, 2007, and the court (Judge Hegarty) found good cause to extend the statutory time to January 22, 2008.

On January 22, 2008, Bankers filed a third motion to extend the appearance period—according to the notice of motion, "for 6 months."[4] The accompanying affidavit from Bankers's agent requested that the court "grant me another 30 days extension," which he stated "should fall within the jurisdictional statutory period of 180 days . . . ." The memorandum of points and authorities also concluded by stating that "an order for extension of the statutory time for a period of thirty (30) days should be granted."

The trial court (Judge Hegarty) found good cause and granted Bankers's motion, extending the statutory time period for almost six additional months, to July 15, 2008.

The defendant was never produced, and on July 21, 2008, the court (Judge Richard S. Kemalyan) entered summary judgment against Bankers on the bond, in the total amount of $80,320 ($80,000 plus $320 in court costs). The clerk mailed notice of entry of judgment on July 22, 2008. Bankers took no appeal from the judgment.

On October 10, 2008, after the time to appeal from the judgment expired, Bankers filed a motion to vacate the order of forfeiture and the judgment. According to the docket report in the underlying criminal case, the trial court (Judge Hegarty) denied the motion on October 27, 2008, and Bankers filed a notice of appeal from Judge Hegarty's order on December 24, 2008.[5]

---

[2] A motion timely filed within the 180-day period may be heard within 30 days of the expiration of the 180-day period. (§ 1305, subd. (i).)

[3] The court's order extending the time to November 20 was signed and entered some two months later, on October 29, 2007.

[4] The People waived the 10-day notice that the court may require as a condition precedent for granting a motion to extend the 180-day statutory period. (§ 1305, subd. (i).)

[5] The appellate record does not contain any order signed by Judge Hegarty denying Bankers's motion to vacate the judgment. In response to this court's request for a copy of the order from which the appeal was taken, Bankers submitted a certified copy of the docket report in the underlying criminal case, which contains an entry showing that Bankers's motion was denied on October 27, 2008.

## DISCUSSION

Bankers argues, as it did in its motion to the trial court to vacate the judgment, that the court lost jurisdiction to enter summary judgment because it failed to do so within the time required by statute. We conclude that, while the trial court acted in excess of its jurisdiction when it extended the appearance period to July 15, 2008, Bankers is precluded from challenging the court's action under the rule that a litigant who stipulates to a procedure in excess of jurisdiction may be estopped from contesting the trial court's authority.

As we have seen, the statute allows an extension of the appearance period "of no more than 180 days" past the 185-day period provided by section 1305. (See *Taylor Billingslea, supra,* 74 Cal.App.4th at p. 1199.) This means, in this case, that the maximum time Bankers could properly have been granted (absent circumstances requiring a tolling of the statute)[6] within which to justify vacating the forfeiture and exonerating the bond was 365 days— from January 29, 2007, to January 29, 2008. And section 1306 tells us that, if summary judgment is not entered "within 90 days after the date upon which it may first be entered"—here, 90 days after January 29, 2008—"the right to do so expires and the bail is exonerated." (§ 1306, subd. (c).) Consequently, because summary judgment was not entered until several months later, on July 21, 2008, the trial court was without authority to enter summary judgment.

▮ That, however, is not the end of the matter. "When a court has fundamental jurisdiction, but acts in excess of its jurisdiction, its act or judgment is merely voidable. [Citations.] That is, its act or judgment is valid until it is set aside, and a party may be precluded from setting it aside by 'principles of estoppel, disfavor of collateral attack or res judicata.' " (*People v. American Contractors Indemnity Co.* (2004) 33 Cal.4th 653, 661 [16 Cal.Rptr.3d 76, 93 P.3d 1020] (*American Contractors*); see *County of Los Angeles v. Harco National Ins. Co.* (2006) 144 Cal.App.4th 656, 662 [50 Cal.Rptr.3d 573].) Further, "[e]rrors which are merely in excess of jurisdiction should be challenged directly, for example by motion to vacate the judgment, or on appeal, and are generally not subject to collateral attack once

---

[6] Under section 1305, the court "shall order the tolling of the 180-day period" during a period of temporary disability—where the defendant is unable to appear in court during the remainder of the 180-day period because he or she is temporarily disabled by reason of illness, insanity, or detention by military or civil authorities (and absence of the defendant "is without the connivance of the bail"). (§ 1305, subd. (e).)

the judgment is final unless 'unusual circumstances were present which prevented an earlier and more appropriate attack.' " (*American Contractors, supra*, 33 Cal.4th at p. 661; see also *Pacific Mut. Life Ins. Co. v. McConnell* (1955) 44 Cal.2d 715, 725 [285 P.2d 636] [general rule is that a final judgment or order is not subject to collateral attack "even though contrary to statute where the court has jurisdiction in the fundamental sense, i.e., of the subject matter and the parties"].)[7] But "[w]hen a court lacks jurisdiction in a fundamental sense, an ensuing judgment is void, and 'thus vulnerable to direct or collateral attack at any time.' " (*American Contractors, supra*, 33 Cal.4th at p. 660.) As the court explained in *People v. National Automobile & Casualty Ins. Co.* (2000) 82 Cal.App.4th 120 [97 Cal.Rptr.2d 858] (*National Automobile*): "The distinction between a lack of jurisdiction over the cause and an act in excess of jurisdiction has significant consequences. For instance, subject matter jurisdiction cannot be conferred by consent, waiver, or estoppel. [Citation.] By contrast, when 'the court has jurisdiction of the subject, a party who seeks or consents to action beyond the court's power as defined by statute or decisional rule may be estopped to complain of the ensuing action in excess of jurisdiction.' " (*National Automobile, supra*, 82 Cal.App.4th at p. 125, quoting *In re Griffin* (1967) 67 Cal.2d 343, 347 [62 Cal.Rptr. 1, 431 P.2d 625].)[8]

The question in this case is thus whether the trial court had jurisdiction in the fundamental sense—over the subject matter—when it extended the appearance period beyond the time permitted by statute and when, as a consequence, it entered summary judgment on July 21, 2008, more than 90

---

[7] *American Contractors* explained that in ordinary usage " 'the phrase "lack of jurisdiction" is not limited to these fundamental situations.' [Citation.] It may also 'be applied to a case where, though the court has jurisdiction over the subject matter and the parties in the fundamental sense, it has no "jurisdiction" (or power) to act except in a particular manner, or to give certain kinds of relief, or to act without the occurrence of certain procedural prerequisites.' [Citation.] ' "[W]hen a statute authorizes [a] prescribed procedure, and the court acts contrary to the authority thus conferred, it has exceeded its jurisdiction." ' [Citation.]" (*American Contractors, supra*, 33 Cal.4th at p. 661.)

[8] *In re Griffin* involved a defendant who had violated the terms of his probation and sought a continuance to obtain private counsel; the continuance was granted, and as a result the hearing (at which the court revoked probation) occurred after the defendant's probation had expired. (*In re Griffin, supra*, 67 Cal.2d at p. 345.) The Supreme Court acknowledged that probation revocation was controlled by a statute giving the court authority to revoke probation at any time during the term of probation, and that cases consistently hold that the court loses power to revoke probation after the probationary period has expired. (67 Cal.2d at pp. 346–347.) The Supreme Court held that the "jurisdictional concept involved in the cases holding that the court is without power to revoke probation after the end of the probationary term is not lack of jurisdiction of the cause but excess of jurisdiction." (*Id.* at p. 347.) The court observed that "[n]either the probation statutes nor the cases applying them support a holding that expiration of the probationary period terminates the court's jurisdiction of the subject matter. The statutes themselves contemplate that such fundamental jurisdiction continues, for they provide for the court's determination of certain matters after the end of the probationary term." (*Ibid.*)

days after the time permitted by statute. If it had fundamental jurisdiction, then its action in excess of that jurisdiction is merely voidable, not void, and Bankers, having failed to appeal the judgment, may be precluded from challenging it either on grounds of estoppel or on grounds of improper collateral attack on a judgment. But if the court did not have fundamental jurisdiction—that is, "jurisdiction over the subject matter of the bail bond forfeiture" (*American Contractors, supra*, 33 Cal.4th at p. 663)—then the entry of summary judgment was void and could be challenged at any time.

█ We conclude the trial court acted in excess of jurisdiction, and not outside the court's fundamental jurisdiction over the bail bond forfeiture. In short, we agree with those cases—none of which are addressed by Bankers in its briefs—which have found that a surety may be estopped from challenging a summary judgment as untimely. Thus:

—In *County of Los Angeles v. Ranger Ins. Co.* (1999) 70 Cal.App.4th 10 [82 Cal.Rptr.2d 214] (*Ranger*), the court found the surety was estopped from arguing that summary judgment was not entered in a timely manner. (*Id.* at p. 12.) In *Ranger*, the trial court had tolled the running of the 180-day period, at the surety's request. (Under § 1305, the court must order tolling of the 185-day period, under specified conditions, when a defendant is temporarily disabled from appearing in court by reason of illness, insanity, or detention by military or civil authorities.) (§ 1305, subd. (e).) Later, the surety claimed that the court had no jurisdiction to issue the tolling order (because the surety did not present the court with the proper facts to warrant a tolling under the temporary disability provisions in § 1305), and therefore no tolling properly occurred, so summary judgment should have been entered at an earlier time to be proper. (*Ranger*, at p. 15.) The court of appeal concluded the surety was estopped from making this claim: "Ranger . . . came to the trial court on November 14, 1996, with its hat in hand, seeking and receiving a favor—the tolling of the statutory time period in which to have the forfeiture on its bond vacated. Having been handed the favor, Ranger now seeks to bite the hand from which the favor was obtained by contending the trial court was without authority to toll the running of the 185-day period because [the surety's agent] had not presented the trial court with sufficient information to warrant such a tolling. Can there be any doubt that if Ranger had, within the 30-day extension of the 185-day period, presented the court with facts proving a temporary disability of [the defendant] (or presented the court with [defendant] himself), Ranger would have expected the trial court to vacate the forfeiture and exonerate the bail? We will not permit Ranger to 'trifle with the courts.' The upshot of [Ranger's] request for, and receipt of, a tolling will be that Ranger will find no relief in this court." (*Ranger, supra*, 70 Cal.App.4th at pp. 18–19.)

—In *National Automobile, supra*, 82 Cal.App.4th 120, the court reached a similar conclusion. In that case, the court declared bail forfeited on June 3, 1997, and the appearance period was ordered extended, pursuant to successive stipulations of the parties, to November 30, 1998, with summary judgment entered a few days later. (*Id.* at p. 123.) However, the first stipulated extension was granted *after* the 185-day appearance period had expired, and the law in effect at the time required such an order to be made *before* the appearance period expired. (The statute has since been amended to change this decisional rule.) The surety argued this was a jurisdictional defect that could not be cured by the parties' stipulation, but the court held that the surety was estopped from contesting the trial court's authority. (*Id.* at p. 125.) The court explained the difference between a lack of jurisdiction over the cause and an act in excess of jurisdiction, and observed that "[t]he correct rule—i.e., that a litigant who has stipulated or otherwise consented to a procedure in excess of jurisdiction may be estopped to question it—has been applied in factual and procedural circumstances materially indistinguishable from those before us." (*National Automobile, supra*, 82 Cal.App.4th at p. 126, citing *Ranger, supra*, 70 Cal.App.4th 10.)[9] The court thus concluded that, "although the trial court had acted in excess of its jurisdiction when it extended the appearance period, the Surety here is estopped from challenging those orders. Since its challenges to the summary judgments are premised upon the alleged invalidity of those orders, those challenges also fail." (82 Cal.App.4th at p. 127.)

In short, we see no reason not to apply the rule that a litigant who has stipulated or otherwise consented to a procedure in excess of jurisdiction may be estopped to question it. As *National Automobile* observed, the rule has been applied in circumstances "materially indistinguishable from those before us." (*National Automobile, supra*, 82 Cal.App.4th at p. 126.) Here, Bankers expressly sought an extension of the appearance period—whether we use the six months sought in its notice of motion or the 30 days sought in its affidavit and memorandum—that resulted in an extension beyond the authority of the trial court to grant under sections 1305 and 1305.4.[10] (See *Taylor Billingslea,*

---

[9] The court found its conclusion "even more compelling" than in *Ranger*. (*National Automobile, supra*, 82 Cal.App.4th at p. 126.) The court pointed out that the reason the order exceeded the trial court's jurisdiction (because the 185-day period had expired) was "even more objective and more obvious than [as in *Ranger*] the lack of sufficient evidence to establish the statutory grounds [for tolling]." (*Id.* at pp. 126–127.) And, in the written stipulations, the surety had expressly agreed not to attack any tolling order entered in the case. (*Id.* at p. 127.)

[10] The circumstances here are materially different from those in *People v. Amwest Surety Ins. Co.* (2004) 125 Cal.App.4th 547 [22 Cal.Rptr.3d 810], where we found the trial court's entry of summary judgment on the bond void, not merely voidable. In *Amwest*, the trial court failed to declare a bail bond forfeited on the record in open court, as mandated by section 1305, subdivision (a). Consequently, "no forfeiture occurred, the bond was exonerated, and the court

*supra,* 74 Cal.App.4th at p. 1199; *Granite State, supra,* 114 Cal.App.4th at p. 768.) As a consequence, summary judgment was entered, contrary to the statutory prescription, more than 90 days "after the date upon which it may first be entered . . . ." (§ 1306, subd. (c).) As in *National Automobile,* although the trial court "acted in excess of its jurisdiction when it extended the appearance period," the surety is estopped from challenging that order, and "[s]ince its challenge[] to the summary judgment[] [is] premised upon the alleged invalidity of [that] order[]," that challenge also fails.[11] (*National Automobile,* at p. 127.)

We do not intend by this opinion to create a broad estoppel rule applicable to any misstep made by the surety. We recognize that the statutory provisions are replete with technicalities, and the trial courts must be vigilant in following the statutory strictures. In the circumstances here, however, the surety's affirmative conduct makes it appropriate to estop it from challenging the trial court's erroneous extension of the appearance period. To rule otherwise on this record would create a wholly unacceptable precedent, encouraging sureties to request multiple extensions from busy judges and, when their requests are honored and they nevertheless cannot produce the defendant, claim that they were wrong to have asked for further time and the judge should not have listened to their entreaties. To permit the surety to have it both ways—to obtain more time to avoid forfeiture of the bond, and then to have the bond exonerated because the judge gave them more time—would be to allow an intolerable manipulation of the trial courts. This we cannot and will not condone.

no longer had jurisdiction to declare a forfeiture." (*Amwest,* at p. 553.) Because the court "thereafter had nothing upon which to act" (*ibid.*), its later entry of summary judgment on the bond was void and subject to collateral attack at any time. (*Id.* at p. 549.) Similarly, the case Bankers brought to our attention at oral argument—*People v. Ranger Ins. Co.* (1998) 66 Cal.App.4th 1549 [78 Cal.Rptr.2d 763]—is inapposite. In that case, the defendant, who had executed a waiver of his right to be present at certain times, failed to appear at the master trial calendar hearing, and defense counsel offered no reason for the defendant's failure to appear. The trial court placed the matter on stand-by for trial and did not order the bail forfeited until a hearing two days later on a defense motion to continue the trial. (*Id.* at p. 1551.) The People appealed after a second trial court granted Ranger's subsequent motion to vacate the forfeiture and exonerate bail on the ground the court had lost jurisdiction. The Court of Appeal affirmed, finding that the defendant's waiver of his presence by its terms did not apply to the trial date; the trial includes the day on which the parties are called to try their case; section 1305 "provides in no uncertain terms that a court shall forfeit the undertaking of bail when defendant fails to appear for trial"; and "[i]t follows that the court was without jurisdiction to forfeit the bail several days later . . . ." (*Ranger,* at pp. 1554–1555.) Nothing in *Ranger* is pertinent to the circumstances in this case.

[11] We note as well that errors in excess of jurisdiction "are generally not subject to collateral attack once the judgment is final" unless unusual circumstances prevented an earlier and more appropriate attack. (*American Contractors, supra,* 33 Cal.4th at p. 661.) Here, Bankers took no appeal from the judgment, instead seeking to vacate it a few weeks after it became final.

## DISPOSITION

The order is affirmed. The County of Los Angeles is to recover its costs on appeal.

Bigelow, P. J., and Rubin, J., concurred.