Filed 6/30/16  P. v. Indiana Lumbermens Mutual Ins. Co. CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E062800 |
| v. | (Super.Ct.No. CIVDS1413812) |
| INDIANA LUMBERMENS MUTUAL INSURANCE COMPANY, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Donald R. Alvarez, Judge.  Affirmed.

Law Offices of Brendan Pegg and Brendan Pegg for Defendant and Appellant.

Jean-Rene Basle, County Counsel, and John R. Tubbs II, Deputy County Counsel, for Plaintiff and Respondent.

Appellant Indiana Lumbermens Mutual Insurance Company (hereafter Lumbermens) appeals an order denying its motion to vacate a summary judgment on a

1

bail bond forfeiture.  It asserts on various grounds that the trial court lacked jurisdiction to vacate an existing extension order and to enter summary judgment.

We will affirm the judgment.

BACKGROUND

A bail bond is forfeited if the defendant fails to appear as ordered at a specified hearing.  (Pen. Code, § 1305, subd. (a).)[1]  If the defendant appears, either voluntarily or in custody, within 180 days of the date of mailing the notice of forfeiture, the court must vacate the order of forfeiture and exonerate the bond.  (§ 1305, subd. (c)(1).)  At any time within this period—referred to variously as the appearance period or the exoneration period, which is extended to 185 days to account for mailing of the notice of forfeiture— the surety may seek an order extending the exoneration period.  (*People v. Bankers Ins. Co.* (2010) 182 Cal.App.4th 1377, 1380.)  The court may, if good cause is shown for doing so, order the period extended "to a time not exceeding 180 days from its order." (§ 1305.4; see § 1305, subd. (j).)  The courts have held that section 1305.4 allows an extension of no more than 180 days past the 185-day period provided for in section 1305, or multiple extensions totaling no more than 180 days.  (*People v. Bankers Ins. Co.*, at p. 1380.)  Once the exoneration period has elapsed without the forfeiture having been set aside, the court "shall enter a summary judgment against each bondsman named in the bond" in the amount of the bond plus costs.  (§ 1306, subd. (a).)  However, "'[i]f, because of the failure of any court to promptly perform the duties enjoined upon it pursuant to

---

[1] All statutory citations refer to the Penal Code.

[section 1306], summary judgment is not entered within 90 days after the date upon which it may first be entered, the right to do so expires and the bail is exonerated.' (§ 1306, subd. (c).)" (*People v. Bankers Ins. Co.*, at p. 1380.)

On March 28, 2013, Lumbermens executed a bail bond in the amount of $100,000, which was posted for the release of Tiffany Washington in San Bernardino County Superior Court case No. FSB1300167. On June 6, 2013, Washington failed to appear for her preliminary hearing, as ordered by the court on June 4, 2013. The trial court ordered the bond forfeited, and a notice of forfeiture was mailed on June 7, 2013.

On December 9, 2013, Lumbermens filed a motion for an extension of time to produce Washington. The court extended the forfeiture period for 180 days, through June 9, 2014. On May 23, 2014, Lumbermens filed a motion for an additional time extension, which was granted for an additional 180 days. Respondent County of San Bernardino (the county) did not receive notice of the motion until after it was granted.

On July 16, 2014, the county filed a motion to set aside the second extension, arguing that it was contrary to law, in that section 1305.4 provides only for a single extension of up to 180 days from the date of the forfeiture or the date of mailing the notice of forfeiture. The county argued that the extension was void as of June 10, 2014.[2]

---

[2] The maximum time Lumbermens could have been granted to produce Washington was 365 days from June 7, 2013, the date of mailing the notice of forfeiture—185 days from the date of mailing the notice, plus a single extension of 180 days. (*People v. Bankers Ins. Co.*, *supra*, 182 Cal.App.4th at p. 1380.) We take judicial notice that June 7, 2014 was a Saturday. Accordingly, the exoneration period expired the following Monday, June 9, 2014 (Code Civ. Proc., §§ 12, 12a), and the 90-day period for

*[footnote continued on next page]*

3

On September 11, 2014, the trial court granted the county's motion to set aside the extension order and entered summary judgment on the bond.

On October 10, 2014, Lumbermens filed a motion to vacate the summary judgment and to exonerate the bond. The trial court denied the motion on January 7, 2015. Lumbermens filed a timely notice of appeal.

## LEGAL ANALYSIS

### THE TRIAL COURT VALIDLY GRANTED SUMMARY JUDGMENT

An order denying a motion to vacate summary judgment on a bail bond forfeiture is an appealable order and is a proper vehicle for considering a jurisdictional attack on the summary judgment. (*People v. Bankers Ins. Co.* (2010) 181 Cal.App.4th 1, 5, fn. 4.) When the facts are undisputed and only legal issues are involved, as in this case, the appellate court conducts an independent review. (*People v. International Fidelity Ins. Co.* (2012) 204 Cal.App.4th 588, 592.)

Lumbermens contends that the summary judgment was not timely because it was not entered within 90 days after the expiration of the forfeiture period. (§ 1306, subd. (c).) It states that, accordingly, "the issue presented here is whether or not estoppel principles apply to allow the court extra time for entry of the summary judgment." This apparently means that Lumbermens asserts that it is not estoped from asserting that the judgment was not timely. We disagree.

---

*[footnote continued from previous page]*
*[footnote continued from previous page]*
timely entry of judgment on the bond began on June 10, 2014 and ended on September 8, 2014. Judgment was entered on September 11, 2014.

This scenario was addressed in *People v. Bankers Ins. Co.*, *supra*, 182 Cal.App.4th 1377 (*Bankers*). In that case, Bankers sought and received multiple extensions of the exoneration period, in excess of 180 days total. After it failed to produce the defendant, the trial court entered summary judgment on the bond and subsequently denied Bankers' motion to vacate the judgment. (*Id.* at pp. 1380-1381.) In the motion, Bankers argued that the trial court had lost jurisdiction because it did not enter judgment within the time required by section 1306. The appellate court agreed that the trial court lacked authority to enter summary judgment. However, the court held that the judgment was not void but merely voidable because the trial court did not act without jurisdiction—that is, it had subject matter jurisdiction over the bond—but merely in excess of its jurisdiction because its action was not authorized by statute. Because the judgment was not void but merely voidable, the judgment was valid unless it was vacated. (*Id.* at pp. 1382-1384.)

However, a party may be precluded by estoppel from setting aside a voidable judgment. The court held that Bankers was estopped from asserting the trial court's lack of jurisdiction to enter judgment based on the invalidity of the extension order, because it had expressly sought the extension of the exoneration period and its motion had resulted in an extension not authorized under sections 1305 and 1305.4. (*Bankers*, *supra*, 182 Cal.App.4th at pp. 1384-1386.) We agree with this analysis and find that it applies to Lumbermens' actions in this case.

Lumbermens argues, however, that estoppel should not apply to it because it did not receive any benefit from the extension. It contends that "the essence of an estoppel argument is that a party cannot complain of something after receiving its benefit." It cites

5

*People v. Stuyvesant Ins*. *Co*. (1968) 261 Cal.App.2d 773 as authority that estoppel is not appropriate in this case. We note, first, that *Stuyvesant* does not discuss whether estoppel requires that the party to be estopped has received a benefit. Second, it does not involve a situation analogous to this case, in which the surety sought an extension of the exoneration period beyond that authorized by law. In *Stuyvesant*, the estoppel issue was unconnected to delay in entering the summary judgment. Rather, the issue *Stuyvesant* addressed was whether the state can be estopped from opposing and preventing the vacation of the order forfeiting the bail bond because the district attorney had made allegedly false representations to the surety, on which the surety relied. (*Id*. at pp. 775-776, 781-782, 783-784.) In that connection, the court stated the applicable rule as follows:

"[T]he requirements for invoking an estoppel, even if estoppel were available, have not been met. 'Generally, speaking, four elements must be present in order to apply the doctrine of equitable estoppel: (1) the party to be estopped must be apprised of the facts; (2) he must intend that his conduct shall be acted upon, or must so act that the party asserting estoppel had a right to believe it was so intended; (3) the other party must be ignorant of the true state of facts; and (4) he must rely upon the conduct to his injury [citations].' [Citation.] [¶] Stuyvesant cannot claim ignorance of the true state of facts where it is primarily a knowledge of the applicable law. The law was as open to Stuyvesant's counsel as it was to the district attorney. In *People v. Stuyvesant Ins. Co*. [(1963)] 216 Cal.App.2d 380, 381-382, it had learned that the provisions of sections 1305 and 1306 of the Penal Code were both mandatory and jurisdictional. . . . Even an

6

expression as to a matter of law, in the absence of a confidential relationship, is not a basis for an estoppel. [Citation.] Nor do acts performed under a mutual mistake of law constitute grounds for estoppel. [Citation.]" (*Stuyvesant*, *supra*, 261 Cal.App.2d at p. 784.)

In contrast, where the surety caused the delay in entering summary judgment by seeking and obtaining an unauthorized extension under section 1305.4, the applicable rule is different: "When, as here, the court has jurisdiction of the subject, a party who seeks or consents to action beyond the court's power as defined by statute or decisional rule may be estopped to complain of the ensuing action in excess of jurisdiction." (*In re Griffin* (1967) 67 Cal.2d 343, 347.) This is the rule we apply in this case.

Lumbermens also asserts that the county's motion to set aside the second extension was improper because it asserted that the resulting "judgment" was "void on its face" rather than voidable. Lumbermens questions whether the same rationale—void versus voidable—applies to orders as well as judgments, but ultimately goes on to assert that the county should have been required to file an appeal from the second extension order rather than seeking to vacate it by motion. We fail to see the connection between the two contentions, both of which come under the heading, "The County Did Not Act Properly In Attacking the Extension Order By Simply Labelling It Void." In any event, the substance of the argument appears to be that the trial court improperly granted the motion to vacate the extension because the county was required to appeal the order, not file a motion to vacate it.

7

Lumbermens does not cite any authority that an order granting an extension motion under section 1305.4 is an appealable order. It acknowledges that in *People v. Seneca Ins. Co.* (2004) 116 Cal.App.4th 75, the court held that an order denying such a motion is *not* appealable, but that issues pertaining to the order could be addressed on appeal from a subsequent summary judgment. (*Id.* at pp. 79-80.) It contends that several other cases have found orders under section 1305.4, whether granting or denying an extension motion, to be appealable. None of the cases Lumbermens cites actually addressed and decided that question, however.

In *People v. Ranger Ins. Co.* (2000) 81 Cal.App.4th 676, cited by Lumbermens, the court consolidated appeals from an order denying an extension motion and from the subsequent judgment on the bond, but it did not address whether the order under section 1305.4 was separately appealable. (*Id.* at pp. 677-678.) An opinion is not authority for an issue it does not decide. (*In re Marriage of Davis* (2015) 61 Cal.4th 846, 862.) Accordingly, *People v. Ranger* does not support Lumbermens' contention. Similarly, in *People v. Alistar Ins. Co.* (2003) 115 Cal.App.4th 122, also cited by Lumbermens, this court too addressed issues pertaining to the denial of extension motions. In the opinion, we stated that the surety appealed from the orders denying its motions and from the subsequent judgment (*id.* at p. 125), but we did not address any contention that the order on the extension motion was or was not separately appealable. In the final case cited by Lumbermens, *People v. Accredited Surety & Casualty Co., Inc.* (2006) 137 Cal.App.4th 1349, the court likewise addressed the surety's contention that its extension motion should have been granted on its appeal from the summary judgment entered after the

8

denial of the extension motion. (*Id.* at p. 1354.) The court did not address any contention concerning the appealability of the order itself. Accordingly, we are not persuaded that the trial court improperly granted the county's motion to vacate the order granting Lumbermens' extension motion on the ground that the county's remedy was to appeal.

Finally, Lumbermens argues that the trial court did not have jurisdiction to enter summary judgment on September 11, 2014, because the bond had been exonerated on June 23, 2014.

The basis for this claim is as follows: A minute order in the underlying criminal case dated June 4, 2014, states, "Bond agency motion to extend forfeiture 180 days is granted. Upon payment of $75.00 costs by 07/07/2014 (30 days of notice), forfeiture of bond #US100786961 is ordered vacated and bond ordered reinstated and exonerated." The online docket for the case further states that on June 23, 2014, the $75 payment was received and that the bond was reinstated and then exonerated and returned to the bondsman. However, on September 3, 2014, at the hearing on the county's motion to set aside the second extension order and enter summary judgment, the trial court found that "the court did not order the bond forfeiture vacated nor did the court order reinstatement and/or exoneration of the bond on 6/4/14. The minute order of 6/4/14 so stating is a clerical error. The court therefore voids the clerical error entry on the minute order."

Lumbermens contends that the trial court had no jurisdiction to set aside the minute order, even though the court found it to be the result of clerical error. It relies on *People v. International Fidelity Ins. Co.*, *supra*, 204 Cal.App.4th 588, where the court held, "Where the bond does not exist because it was exonerated, the court lacks

9

fundamental jurisdiction, and any summary judgment purported entered on that bond is void. [Citation.]" (*Id.* at p. 595.)

*International Fidelity* does not support Lumbermens' position, however. In that case, the defendant was initially released on a $35,000 bond provided by Bankers Insurance Company. He failed to appear as ordered, and the trial court later remanded him into custody. The trial court then issued a new order for bail in the amount of $100,000. The court stated that it would "allow" the $35,000 bond to remain. International Fidelity later posted a $65,000 bond for the remainder of the bail amount, and the defendant was released. When the defendant again failed to appear, the court ordered both bonds forfeited. Summary judgment was later entered. (*International Fidelity*, *supra*, 204 Cal.App.4th at pp. 590-591.) The appellate court held, however, that the $35,000 bond was exonerated as a matter of law when the defendant was returned to custody, and that the trial court had no authority to order it to remain in effect. (*Id.* at p. 593, citing § 1305, subd. (c)(1) [where a defendant appears in custody after a previous failure to appear and forfeiture of his or her bail, the court shall "'direct the order of forfeiture to be vacated and the bond exonerated. If the court fails to so act on its own motion, then the surety's or depositor's obligations under the bond shall be immediately vacated and the bond exonerated'"].) In the absence of a valid bond for $35,000, the court held, International Fidelity did not receive the benefit of its bargain "to post an additional $65,000 of a total of $100,000 bail" and to "receive the benefit of the additional $35,000 of bail being in place." (*International Fidelity*, at p. 595.)

10

In the instant case, the bond was not exonerated by operation of law. Indeed, the June 4, 2014 minute order reflects that defendant was still a fugitive, and it does not reflect that she was returned to custody on or before June 23, 2014, the date on which Lumbermens claims the bond was exonerated. Although we do not have a reporter's transcript of the hearing on September 3, 2014, we infer that the trial court concluded that the June 4, 2014 minute order stating that the bond would be exonerated upon payment of the $75.00 fee was a clerical error because there was no legal basis for exonerating the bond. Lumbermens has not met its burden of showing that this was error.

DISPOSITION

The judgment is affirmed. The County of San Bernardino is awarded costs on appeal.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

McKINSTER _____
J.

We concur:

RAMIREZ _____
P. J.

SLOUGH _____
J.

11