Filed 1/14/21  Perlman Law, Inc. v. Sara Hart CA2/3

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| PERLMAN LAW, INC., | B294288 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BC640412) |
| v. | |
| SARA HART, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Edward Moreton, Jr., Judge.  Affirmed.

Sara Hart, in pro. per; and Afshin Siman, for Defendant and Appellant.

Manahan Flashman & Brandon and David M. Brandon for Plaintiff and Respondent.

_____

Appellant Sara Hart (Hart) appeals an order denying her claim of exemption filed in response to a levy on several of her bank accounts. Hart's primary contention on appeal is that the trial court erred in denying her claim of exemption because the funds levied on were Social Security payments, and thus were exempt from execution or levy pursuant to Code of Civil Procedure section 704.080 and 42 United States Code section 407, subdivision (a). We conclude that Hart failed to establish that the funds at issue were Social Security payments, and thus we affirm the order.

### FACTUAL AND PROCEDURAL BACKGROUND

Hart and her son, Guy Hart (Guy),[1] are former clients of respondent Perlman Law, Inc. (Perlman). In 2016, Perlman filed a complaint against Hart and Guy alleging nonpayment of legal fees, and on October 18, 2017, the court entered a default judgment in favor of Perlman and against Hart and Guy in the amount of $50,075.

In March 2018, pursuant to a writ of execution, $47,975 was seized from bank accounts held by Hart and/or Guy at Bank of America and Chase Bank. Thereafter, Hart executed a claim of exemption (Judicial Council Form EJ-160), in which she asserted that the funds seized from her Bank of America accounts were exempt pursuant to 42 United States Code section 407 and Code of Civil Procedure[2] sections 704.080 and 704.110, which

---

[1] Appellant's opening brief identifies both Hart and Guy as appellants. However, only Hart filed a notice of appeal, and thus she is the sole appellant.

[2] All subsequent undesignated statutory references are to the Code of Civil Procedure.

exempt Social Security and public retirement benefits from levy. In line 6 of her claim, Hart stated as follows: "The facts which support this claim are . . . : I was not notified or served. Violation of due process. 78 year old tricked and abused (Elder Abuse)."

Perlman opposed Hart's claim of exemption. Perlman asserted that Hart had provided no evidence that the funds seized were Social Security or public retirement benefits; thus, Hart failed to meet her burden of proving an entitlement to an exemption. Alternatively, Perlman asked for the opportunity to conduct discovery concerning the sources of the funds in Hart's bank accounts.

Hart filed a response to Perlman's opposition on July 6, 2018. Hart asserted that the funds in her Bank of America account ending in 7230 were Social Security direct deposits, which were exempt under federal law. In support, Hart submitted her own declaration, which was not signed under penalty of perjury and did not specifically address the source of the funds in the Bank of America account. In relevant part, the declaration stated: "Up until approximately September 2017, I did have some supplemental income up until last year which stopped last year. During that time I did not use all of my Social Security funds but that stopped and now I need all of the funds that I had and have from Social Security and more to cover my monthly expenses which are over $5,000 per month for food, shelter, gas, insurance, medical and other daily necessities."

Attached to Hart's declaration were several unauthenticated exhibits. Exhibit A to the declaration appeared to be a May 30, 2018 letter from the Social Security Administration stating that Hart received monthly Social

Security benefits of $1,312, which were deposited into her account ending in 7230. Exhibit B to the declaration appeared to be a bank statement, dated May 18, 2018, which showed monthly deposits from the "SSA Treas[ury]" into an account ending in 7230; all other entries were redacted.

The court held a hearing on Hart's exemption claim on October 5, 2018.[3] After hearing argument, the court ruled as follows: "[T]he judgment debtors have the burden of proof. . . . The request [for an exemption] must be denied because there's no evidence submitted to this court of their claims other than their mere declaration . . . and heavily redacted bank statements reflecting deposits but not establishing what the claimants claim they establish. [¶] They also allege that the judgment should not have been entered. But this is not a basis for a claim of exemption. Because the judgment debtors have not met their burden, the claims of exemptions are denied." Perlman served notice of ruling on October 9, 2018.

## DISCUSSION

Hart contends the trial court erred by denying her claim for exemption, urging that she submitted "sufficient bank deposit documentation" to establish that the seized funds were Social Security payments. For the reasons that follow, the claim is without merit.[4]

---

[3] Prior to the hearing, Guy appeared ex parte and sought a continuance on the ground that Hart had been in the hospital the day before. The trial court denied the request.

[4] Hart also contended at oral argument that the trial court violated her due process rights by failing to grant a continuance of the October 5, 2018 hearing. Because this issue is not properly

4

# I.
## Appealability

We begin with the question of appealability.  An order granting or denying a claim of exemption is appealable pursuant to section 703.600.  However, Hart's notice of appeal states that appeal is taken from a "default judgment" entered October 5, 2018, not from an order denying a claim of exemption.  A default judgment was not entered in this case on October 5, 2018; the only substantive order entered by the court on October 5, 2018 concerned Hart's exemption claim.

"Generally, we must liberally construe a notice of appeal in favor of its sufficiency.  [Citation.]  A notice of appeal shall be ' "liberally construed so as to protect the right of appeal if it is

---

before us, we do not consider it.  Hart addressed this issue in her appellant's opening brief only in the statement of facts, not in the legal argument; and although she contended in her appellant's reply brief that the failure to continue the hearing was a violation of her right to due process, she did not cite any legal authority in support.  Accordingly, the issue has been forfeited.  (Cal. Rules of Court, rule 8.204(a)(1)(B) [on appeal, a party must "[s]tate each point under a separate heading or subheading summarizing the point, and support each point by argument and, if possible, by citation of authority"]; *Badie v. Bank of America* (1998) 67 Cal.App.4th 779, 784–785 ["When an appellant fails to raise a point, or asserts it but fails to support it with reasoned argument and citations to authority, we treat the point as [forfeited]"]; *United Grand Corp. v. Malibu Hillbillies, LLC* (2019) 36 Cal.App.5th 142, 158 [" 'Fairness militates against allowing an appellant to raise an issue for the first time in a reply brief because consideration of the issue deprives the respondent of the opportunity to counter the appellant by raising opposing arguments about the new issue' "].)

5

*reasonably clear* what [the] appellant was trying to appeal from, and where the respondent could not possibly have been misled or prejudiced." ' " (*In re J.F.* (2019) 39 Cal.App.5th 70, 75.)  Because it is "reasonably clear" that Hart intended to appeal from the October 5, 2018 order denying her claim of exemption, we shall construe Hart's appeal as from that order.

## II.
## Substantial Evidence Supported the Order Denying Hart's Exemption Claim

*A.     Legal Principles and Standard of Review*

" 'As a general rule, all property of a judgment debtor is subject to enforcement of a money judgment.  [Citations.]  The California Constitution, however, requires the Legislature to protect "a certain portion" of a debtor's property from forced sale.  (Cal. Const., art. XX, § 1.5.)  The purpose of this requirement is to protect enough of the debtors' property from enforcement to enable them to support themselves and their families, and to help shift the cost of social welfare for debtors from the community to judgment creditors.  [Citations.] [¶]  To that end, California has enacted a "comprehensive and precisely detailed scheme" governing enforcement of money judgments.  [Citations.]  The kinds and degrees of property exempt from levy are described in [Code of Civil Procedure] sections 704.010 through 704.210.  These provisions relate to property of the debtor that would ordinarily be subject to enforcement of a money judgment by execution or otherwise, but for the statute allowing the debtor to retain all or part of it to protect himself and his family. . . .

"In addition to the exemptions set forth in sections 704.010 through 704.210, '[a]dditional exemptions are provided by other California statutes and by federal law.'  (Ahart, Cal. Practice

6

Guide:  Enforcing Judgments and Debts (The Rutter Group 2014) ¶ 6:821, p. 6E-1 (rev. # 1, 2013).)  As pertinent to this case, Social Security payments are exempt from execution or levy under 42 United States Code section 407(a), which provides:  'In general.  [¶]  The right of any person to any future payment under this subchapter [(which includes a portion of the Social Security Act)] shall not be transferable or assignable, at law or in equity, *and none of the moneys paid or payable or rights existing under this subchapter shall be subject to execution, levy, attachment, garnishment, or other legal process, or to the operation of any bankruptcy or insolvency law*.'  (Italics added & boldface omitted; see *Conservatorship of Lambert* (1983) 143 Cal.App.3d 239, 242, [42 United States Code section 407 'immunizes social security income from "execution, levy, attachment, garnishment, or other legal process" ']; *Lopez v. Washington Mutual Bank, FA* (9th Cir. 2002) 302 F.3d 900, 903 ['Section 407(a) was designed "to protect social security beneficiaries and their dependents from the claims of creditors . . . ." '].)"  (*Kilker v. Stillman* (2015) 233 Cal.App.4th 320, 329–330.)

The procedure for adjudicating an exemption claim is as follows.  After a debtor's property has been levied upon, the debtor may file with the levying officer a claim of exemption, which shall include a description of the property, a citation to the provision on which the exemption claim is based, and a statement of the facts necessary to support the claim.  (§ 703.520.)  The creditor then may file opposition to the claim of exemption with the court.  (§§ 703.550, 703.560.)  Within 30 days, the trial court shall hold a hearing on the debtor's claim.  (§ 703.570.)  At the

hearing, "the exemption claimant has the burden of proof."
(§ 703.580, subd. (b).)

On appeal, the order granting or denying the exemption claim "is presumed correct, and must be upheld if it is supported by substantial evidence." (*Schwartzman v. Wilshinsky* (1996) 50 Cal.App.4th 619, 626; see also *Series AGI West Linn of Appian Group Investors DE, LLC v. Eves* (2013) 217 Cal.App.4th 156, 163.)

B.    *Analysis*

In the present case, the record supports the trial court's conclusion that Hart failed to establish that the seized funds were Social Security payments. As we have described, the only "evidence" before the trial court concerning the source of the seized funds was Hart's declaration, which she did not sign under penalty of perjury, and a bank statement and letter from the Social Security Administration, which were not authenticated. Because the declaration was not signed under penalty of perjury, and the bank statement and letter were not authenticated, they do not have any evidentiary value. (See, e.g., *ViaView, Inc. v. Retzlaff* (2016) 1 Cal.App.5th 198, 217 [declaration that was not signed under penalty of perjury as required by § 2015.5 "had no evidentiary value"]; *Kulshrestha v. First Union Commercial Corp.* (2004) 33 Cal.4th 601, 601–611 [declaration that does not comply with § 2015.5 is not sufficiently reliable to be admitted into evidence]; *Davis v. Nadrich* (2009) 174 Cal.App.4th 1, 12 [unauthenticated document "is totally without evidentiary value"]; *People v. Beckley* (2010) 185 Cal.App.4th 509, 517−518 [same].) The declaration, letter, and bank statement, thus, did not satisfy Hart's burden to establish an exemption.

In any event, even if the declaration and documents had some limited evidentiary value, as a matter of law they still could not have satisfied Hart's burden of proof. Hart's declaration did not reference the bank account at issue, and it did not affirmatively state that the account contained only Social Security payments. To the contrary, the declaration stated that Hart "*did have* some supplemental income up until last year." (Italics added.)

The bank statement is similarly unhelpful to Hart. As the trial court noted, the bank statement was "heavily redacted"— indeed, Hart had blacked out references to all deposits and withdrawals other than those from "SSA Treas." Accordingly, all that appears from the bank record is that Social Security payments were deposited into the account to which the statement pertains. We cannot determine, however, whether any of the funds in the account were from other sources, or whether Hart's Social Security income had been withdrawn from the account before it was levied upon. As such, Hart's submission did not establish that some or all of the seized funds were Social Security payments.[5]

Although Hart contends on appeal that the trial court erred in denying her claim of exemption because she provided the court

---

[5]  Hart appears to have included an unredacted copy of the bank statement in a supplemental appendix filed with her appellant's reply brief. Because the document was not before the trial court, we do not consider it. (See *In re Zeth S.* (2003) 31 Cal.4th 396, 405 ["It has long been the general rule and understanding that 'an appeal reviews the correctness of a judgment as of the time of its rendition, upon a record of matters which were before the trial court for its consideration' "].)

9

with "sufficient bank deposit documentation," she cites no authority for the proposition that her heavily redacted, unauthenticated bank records were sufficient to satisfy her burden of proof. Instead, her authority supports only the propositions that Social Security payments are exempt from levy, and that exemptions should be liberally construed in favor of the debtor. While we have no quarrel with these general principles, they simply have no application here, where Hart failed to provide the court with sufficient evidence to support her exemption claim.

Hart also contends that the trial court erred in denying her claim of exemption because the underlying default judgment should not have been entered against her. Whatever the merits of Hart's claim regarding the judgment, they are not properly before us in this enforcement action. (E.g., *Consumer Advocacy Group, Inc. v. ExxonMobil Corp.* (2008) 168 Cal.App.4th 675, 683 [when a court has fundamental jurisdiction over the subject matter and parties, "its judgment should be challenged directly and is generally not subject to collateral attack"]; *County of Los Angeles v. Harco National Ins. Co.* (2006) 144 Cal.App.4th 656, 662 [alleged errors in judgment "should be challenged directly, for example by motion to vacate the judgment, or on appeal, and are generally not subject to collateral attack once the judgment is final"].) We thus do not consider them.

10

## DISPOSITION

The order denying Hart's claim of exemption is affirmed. Perlman's request for judicial notice is denied because the document as to which judicial notice is sought is not relevant to our decision.  (*People ex rel. Lockyer v. Shamrock Foods Co.* (2000) 24 Cal.4th 415, 422, fn. 2.)  Perlman is awarded its appellate costs.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

EDMON, P. J.

We concur:

LAVIN, J.

DHANIDINA, J.

11