Filed 7/21/15

<u>CERTIFIED</u> <u>FOR</u> <u>PARTIAL</u> <u>PUBLICATION</u>*

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(El Dorado)

----

| | |
|---|---|
| THE PEOPLE, | C076061 |
| Plaintiff and Respondent, | (Super. Ct. No. P12CRM1394) |
| v. | |
| AMERICAN CONTRACTORS INDEMNITY CO., | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of El Dorado County, C. Anders Holmer, Judge.  Reversed.

E. Alan Nunez and John M. Rorabaugh for Defendant and Appellant.

Robyn Truitt Drivon, County Counsel, and Lesley B. Gomes, Deputy County Counsel, for Plaintiff and Respondent.

---

* Pursuant to California Rules of Court, rules 8.1105 and 8.1110, this opinion is certified for publication with the exception of parts I and III of the discussion.

1

American Contractors Indemnity, the surety, appeals from the summary judgment entered in favor of El Dorado County following the forfeiture of a bail bond.  The surety argues the trial court entered summary judgment prematurely (before the time for the defendant to appear had elapsed) and also erred in denying the surety's motion to set aside on the grounds that it was filed too late.  We agree with the surety on both points.  Accordingly, we will vacate the summary judgment and exonerate the bond.

## BACKGROUND REGARDING BAIL BOND STATUTES

" 'Certain fixed legal principles guide us in the construction of bail statutes.  The law traditionally disfavors forfeitures and this disfavor extends to forfeiture of bail.  [Citation.]  Thus, [Penal Code] sections 1305 and 1306 must be strictly construed in favor of the surety to avoid the harsh results of a forfeiture.'  [Citation.]" (*People v. Ranger Ins. Co.* (2000) 77 Cal.App.4th 813, 816 (*Ranger Ins. Co*).)  "The standard of review, therefore, compels us to protect the surety, and more importantly the individual citizens who pledge to the surety their property on behalf of persons seeking release from custody, in order to obtain the corporate bond." (*County of Los Angeles v. Surety Ins. Co.* (1984) 162 Cal.App.3d 58, 62.)  " 'Where . . . statute[s] such as [Penal Code] section[s] 1305 [and 1306] require[] a court to exercise its jurisdiction in a particular manner, to follow a particular procedure, or to perform subject to certain limitations, an act beyond those limits is in excess of its jurisdiction.  [Citations.]' [Citation.]" (*Ranger Ins. Co.,* *supra*, at p. 816, italics omitted.)

When a defendant has been granted bail and fails to appear without sufficient cause for an ordered appearance, the court is required to declare bail forfeited.  (Pen. Code, § 1305, subd. (a).)  The clerk must mail notice of the forfeiture to the surety and the bail agent within 30 days of the forfeiture.  (Pen. Code, § 1305, subd. (b).)  When, as here, the notice is mailed, the surety then has 185 days from the notice of forfeiture to

produce the defendant or show that he or she is otherwise in custody.**1** If the surety produces the defendant in court or shows evidence he or she is otherwise in custody, the trial court must set aside the forfeiture and exonerate the bond. (Pen. Code, § 1305, subds. (b) & (c)(1).) The court may only enter summary judgment when the appearance period "*has elapsed* without the forfeiture having been set aside. . . ." (Pen. Code, § 1306, subd. (a), italics added.) After the appearance period expires, the trial court must enter summary judgment against the surety within 90 days. (Pen. Code, § 1306, subds. (a) & (c); *People v. Granite State Insurance Co*. (2003) 114 Cal.App.4th 758, 763.) If the trial court fails to enter summary judgment within 90 days after the date upon which it may first be entered, the trial court loses the authority to enter such a judgment and the bond is automatically exonerated. (Pen. Code, § 1306, subd. (c).)

## FACTUAL AND PROCEDURAL BACKGROUND

The surety posted a $40,000 bond to secure the release of defendant Mark Douglas McBride. On May 17, 2013, the defendant failed to appear in court and the trial court declared bail forfeited. Also on May 17, 2013, the clerk filed a notice of forfeiture of bond. The notice indicated that the trial court had forfeited bail on May 17, 2013, and, in the absence of a motion to set aside the forfeiture, the trial court would enter summary judgment on November 18, 2013. The certificate of mailing indicated the notice was executed on May 17, 2013, but did not indicate when it was placed in the mail. The surety received the notice of forfeiture on May 31, 2013. The envelope was postmarked May 29, 2013.

On November 18, 2013, the trial court entered summary judgment. The certificate of mailing of the notice of entry of summary judgment indicated it was executed on November 18, 2013. As with the notice of forfeiture, there was no indication of when the

---

**1** The 185-day period is known as the "appearance period." (*People v. American Contractors Indemnity Co.* (2004) 33 Cal.4th 653, 658 (*American Contractors*).)

3

notice was placed in the mail. The envelope was postmarked November 20, 2013.

The surety filed a motion to set aside the judgment and exonerate the bond on December 19, 2013. The surety made the motion on the grounds the trial court lacked jurisdiction to enter summary judgment. Specifically, the surety contended the summary judgment was premature and void. The surety noted that pursuant to Code of Civil Procedure section 1013a, subdivision (4), "where a certificate of mailing is prepared by the clerk of the court and the postmark on the envelope is more than one day from the date of the certificate of mailing, the court may, upon a showing of good cause, deem the actual postmark date to be the mailing date." The surety argued that based on the Code of Civil Procedure and the postmark, the court should find the date the statutory period of Penal Code section 1305 began to run was May 29, 2013. Accordingly, the surety continued, the first day summary judgment could be entered was November 30, 2013, and the November 18, 2013, summary judgment was premature, voidable, and subject to a motion to vacate. The county argued the summary judgment was timely.[2] The court denied the motion to set aside the summary judgment as untimely.

**DISCUSSION**

I.

*Summary Judgment Was Entered One Day Prematurely*

On appeal, the parties agree that the court entered summary judgment prematurely, but they disagree on when the appearance period began to run.

As it did in the trial court, the surety relies on Code of Civil Procedure section 1013a, subdivision (4) to argue that because the certificates of mailing do not include the date the notices were mailed, service should be deemed to have occurred on the date of

---

[2] The record on appeal does not contain a copy of the county's opposition to the motion to set aside the summary judgment. Nor is there a reporter's transcript from the hearing on the motion.

4

the postmark. Thus, the surety contends the appearance period began to run on May 29, 2013, and elapsed on November 30, 2013. Code of Civil Procedure section 1013a, however, provides that service by the clerk of the court "upon motion of a party served and a finding of good cause by the court, shall be deemed to have occurred on the date of postage cancellation or postage meter imprint as shown on the envelope if that date is more than one day after the date of deposit for mailing contained in the certificate." (Code Civ. Proc., § 1013a, subd. (4).) Here, the surety did not make a motion in the trial court and the court did not make a finding of good cause. In the absence of such a motion and finding, we will use the date the notices were executed as the operative dates.

The appearance period began to run on May 17, 2013, and the 185th day was November 18, 2013. The first day on which the trial court could enter summary judgment was November 19, 2013. (Pen. Code, § 1306, subd. (a).) The trial court's entry of summary judgment on November 18, 2013, was, therefore, one day premature. (*American Contractors, supra,* 33 Cal.4th at p. 659 [when summary judgment is entered on the last day of the appearance period it is premature].)

II.

*The Motion to Set Aside the Judgment Was Timely*

"The trial court's erroneous entry of summary judgment on the 185th instead of the 186th day did not deprive the court of jurisdiction over the subject matter of the bail bond forfeiture or personal jurisdiction over the surety, and thus the premature entry of summary judgment was voidable, not void." (*American Contractors, supra,* 33 Cal.4th at p. 663.) A voidable judgment is "subject to correction by appeal or a *timely* motion to vacate the judgment." (*Id.* at p. 657, italics added.) Having concluded that the motion for summary judgment was voidable, we must consider whether the surety filed its motion to set aside the summary judgment in a timely manner. We find that it did.

The county relies on *People v. Accredited Surety and Casualty Company, Inc.* (2013) 220 Cal.App.4th 1137 (*Accredited*) to argue that the motion to set aside the

summary judgment had to be made within 15 days of the date on which the notice of entry of summary judgment was mailed. (*Id.* at p. 1146.) In *Accredited*, the surety filed a motion to set aside the summary judgment claiming the notice was improper and the summary judgment was entered beyond the statutory deadline. The *Accredited* court suggested it appeared the motion to set aside was based on either Code of Civil Procedure section 663 or 659, both of which require that a motion be filed within 15 days. (*Accredited,* at p. 1146.) The court also acknowledged, however, that motions to set aside summary judgments in bail cases had been considered and permitted in many cases, and without discussion of the timeliness of the motion. (*Id.* at pp. 1146-1147.) *Accredited* questioned whether the Legislature should impose a specific timeline for bringing a motion to set aside the forfeiture of bail, but ultimately found "it [was] not necessary to reach any conclusions about the timeliness of Surety's motion in this case," because even if the motion was timely it had been properly denied. (*Id.* at p. 1147.)

The dicta in *Accredited* does not persuade us that the time to bring a motion to set aside a summary judgment in a bail proceeding should be restricted by Code of Civil Procedure section 663 or 659. A summary judgment in a bail forfeiture is a consent judgment entered without a hearing and the proceedings are not adversarial. (*County of Los Angeles v. Amwest Surety Ins. Co.* (1983) 147 Cal.App.3d 961, 967.) The only issue in a challenge to the summary judgment is whether it was entered pursuant to the terms of the consent, which requires compliance with Penal Code sections 1305 and 1306. (See *People v. Wilshire Ins. Co.* (1975) 46 Cal.App.3d 216, 220.) The process for forfeiting bail and setting aside a forfeiture is governed entirely by the provisions of the Penal Code, and there is nothing to suggest that the Legislature intended the Code of Civil Procedure to limit the time for filing a motion to set aside the judgment. (Cf. *People v. Ranger Ins. Co.* (1998) 66 Cal.App.4th 1549, 1552; *County of Los Angeles v. Amwest Surety Ins. Co.*, *supra,* 147 Cal.App.3d at pp. 967-968; *County of Sacramento v. Insurance Co. of the West* (1983) 139 Cal.App.3d 561, 564-565.)

6

In contrast to the county's argument, the California Supreme Court has stated that voidable judgments, like the one in this case, must be set aside before the judgment becomes final. "[A] voidable judgment must be challenged while the trial court or Court of Appeal can still correct the mistake." (*American Contractors, supra,* 33 Cal.4th at p. 665.) "[A] party seeking to set aside a voidable judgment or order must act to set aside the order or judgment before the matter becomes final." (*Christie v. City of El Centro* (2006) 135 Cal.App.4th 767, 780 (*City of El Centro*).) The Supreme Court has clarified that a bail summary judgment becomes final 60 days after the clerk mails the notice of entry of judgment. (*American Contractors,* at p. 659 & fn. 5 ["The judgment was therefore final 60 days after the mailing of such notice, or long before ACIC's January 2002 motion to set aside the summary judgment. (Cal. Rules of Court, rule 2(a)(1) [now rule, 8.104].)"].)[3] Taken together, the logic of *American Contractors* and *City of El Centro* strongly support the conclusion that a motion to set aside a summary judgment entered on bail forfeiture must be brought within 60 days of when the clerk mails notice of entry of judgment. Further, giving the surety 60 days to file a motion to set aside, instead of the 15 days suggested by *Accredited*, is consistent with our obligation to construe the Penal Code in a manner that avoids a forfeiture. (See *Ranger Ins. Co., supra,* 77 Cal.App.4th at p. 816.)

In this case, the summary judgment was entered on November 18, 2013. The judgment became final 60 days later, on January 17, 2014. The surety filed its motion to set aside the judgment on December 19, 2013, which is 31 days after the summary judgment was entered, and well before the judgment became final. Because the motion

---

[3] We recognize that these statements from our Supreme Court are dicta but, unlike the dicta in *Accredited*, the analysis of our Supreme Court "should be considered persuasive" and followed by the intermediate appellate courts. (*Hubbard v. Superior Court* (1997) 66 Cal.App.4th 1163, 1169.)

7

was filed before the summary judgment became final, we conclude the motion was timely.  For this reason, the trial court erred in denying the motion as untimely.

III.

*The Trial Court Is Without Authority to Enter a New Summary Judgment*

If a "voidable summary judgment is set aside on appeal, it is as if it was never entered."  (*American Contractors, supra*, 33 Cal.4th at p. 664.)  The order is a nullity and must be vacated because the trial court acted in excess of its jurisdiction.  (*City of El Centro, supra,* 135 Cal.App.4th at p. 780.)  The correct first day on which summary judgment could have been entered was November 19, 2013.  The court had jurisdiction to enter summary judgment for 90 days from that date.  (Pen. Code, § 1306, subd. (c).)  February 17, 2014, was a court holiday (President's Day), so the last day on which the trial court could enter summary judgment was February 18, 2014.  The trial court is now without authority to enter summary judgment and deem the bond forfeited.  Accordingly, the bail is exonerated.  (Penal Code, § 1306, subd. (c); *People v. Frontier Pacific Ins. Co.* (2000) 83 Cal.App.4th 1289, 1295.)

8

**DISPOSITION**

The summary judgment is reversed.  The superior court is directed to enter an order exonerating the bond.  Appellant is awarded costs on appeal.

       RENNER             , J.

We concur:

  NICHOLSON       , Acting P. J.

  HULL            , J.