Filed 2/25/16  P. v. North River Ins. Co. CA2/8

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE, | B258052 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. SJ3921) |
| v. | |
| THE NORTH RIVER INSURANCE COMPANY et al., | |
| Defendants and Appellants. | |

APPEAL from an order of the Superior Court of Los Angeles County, Lia Martin, Judge.  Affirmed.

Jefferson T. Stamp for Defendants and Appellants.

Mary C. Wickham, County Counsel, Ruben Baeza, Jr., Assistant County Counsel, Brian T. Chu and Lindsay Yoshiyama, Deputy County Counsel, for Plaintiff and Respondent.

* * * * * *

The trial court ordered forfeiture of a $75,000 bail bond when the defendant, Marquez Ezell, failed to appear. North River Insurance Company (the surety) and Bad Boys Bail Bonds (the bail agent) moved to set aside the summary judgment ordering forfeiture of the bond. The court denied that motion, and they now appeal. They assert the court entered summary judgment prematurely and thus acted in excess of jurisdiction. We hold the court actually entered summary judgment late, but the surety and bail agent are estopped from relying on this error to set aside the judgment. We therefore affirm.

## BAIL BOND STATUTORY SCHEME

A bail bond constitutes a contract between the surety and the government in which the surety guarantees the defendant's appearance in court under the risk of forfeiture of the bond. (*People v. American Contractors Indemnity Co.* (2004) 33 Cal.4th 653, 657.) Like any contract, when a breach occurs, this contract should be enforced. (*Id*. at pp. 657-658.)

"While bail bond proceedings occur in connection with criminal prosecutions, they are independent from and collateral to the prosecutions and are civil in nature." (*People v. American Contractors Indemnity Co., supra*, 33 Cal.4th at p. 657.) If a defendant released on bail fails to appear without sufficient cause, the court must declare bail forfeited. (Pen. Code, § 1305, subd. (a).)[1] Then, "[t]he clerk must mail notice of the forfeiture to the surety and the bail agent within 30 days of the forfeiture." (*People v. American Contractors Indemnity Co.* (2015) 238 Cal.App.4th 1041, 1044 (*American Contractors*); see § 1305, subd. (b).) "When, as here, the notice is mailed, the surety then has 185 days from the notice of forfeiture to produce the defendant or show that he or she is otherwise in custody." (*American Contractors, supra*, 238 Cal.App.4th at p. 1044; see § 1305, subds. (b), (c).) This 185-day period is often called the "'appearance period.'" (*American Contractors, supra*, 238 Cal.App.4th at p. 1044, fn. 1.) Upon a showing of

---

[1] Further undesignated statutory references are to the Penal Code.

good cause, the court "may order the [appearance] period extended to a time not exceeding 180 days from its order." (§ 1305.4.)

If, within the appearance period, the surety produces the defendant in court or shows the defendant is otherwise in custody, the trial court must set aside the forfeiture and exonerate the bond. (§ 1305, subd. (c)(1).) If the surety does not produce the defendant within the appearance period, the court must enter summary judgment against the surety when the appearance period "has elapsed." (§ 1306, subd. (a).) The summary judgment against the surety should be for the amount of the bond plus costs. (*Ibid.*) The court has 90 days to enter summary judgment against the surety after the appearance period expires. (§ 1306, subds. (a), (c).) If the court fails "to promptly perform [its] duties" and fails to enter summary judgment within 90 days, the court loses the authority to enter such a judgment and the bond is automatically exonerated. (§ 1306, subd. (c); *American Contractors, supra*, 238 Cal.App.4th at p. 1044.)

## FACTS AND PROCEDURE

A felony complaint filed in December 2011 charged Ezell with possession of a firearm by a felon (§ 29800, subd. (a)(1) [former § 12021, subd. (a)(1)]) and possession of ammunition (§ 30305, subd. (a)(1) [former § 12316, subd. (b)(1)]).

Through the bail agent, the surety posted the $75,000 bail bond to secure Ezell's release. Ezell failed to appear in court on January 19, 2012, and the court declared the bond forfeited on that date. The clerk mailed a notice of forfeiture to the bail agent and surety on January 20, 2012. One hundred eighty-five days after January 20 was July 23, 2012. The notice stated that the contractual obligation to pay the bond would become absolute on the 186th day, unless the court set aside the forfeiture and reinstated the bond.

Pursuant to section 1305.4, the court extended the appearance period three times. The court granted the bail agent's first motion to extend the appearance period on

3

August 9, 2012, and extended the period to November 7, 2012.[2]  It granted the second motion to extend the appearance period on November 29, 2012, and extended the period to February 4, 2013.  It granted the third motion to extend on March 1, 2013, and extended the appearance period to August 5, 2013.

The bail agent filed a fourth motion on August 2, 2013, this time to toll the appearance period under section 1305, subdivision (h).[3]  The People and the bail agent stipulated to toll the appearance period for 180 days.  The court approved of that stipulation on September 4, 2013.  One hundred eighty days from that date was March 3, 2014.

The bail agent filed yet another motion to extend under section 1305.4 on March 3, 2014.  The court denied this motion on March 19, 2014, and ordered "summary judgment to issue forthwith."  Judge Renee F. Korn heard and denied the motion to extend the appearance period during the court's morning session.  She explained:  "[M]y problem is . . . we are well outside the original 185-day period as well as the extension of 180 days.  So the court doesn't believe I have any jurisdiction at all whatsoever to grant

---

[2]  The bail agent filed the motion before the 185-day period expired.  The court may hear such a timely filed motion up to 30 days after the expiration of the 185-day period. (§ 1305, subd. (j).)

[3]  Section 1305, subdivision (g) instructs courts to vacate a forfeiture and exonerate the bond when (1) the bail agent has temporarily detained the defendant in the presence of a local law enforcement officer in another jurisdiction, (2) that local law enforcement officer positively identifies the defendant as the wanted person in an affidavit, and (3) the prosecuting agency decides not to seek extradition after learning of the location of the defendant.  Subdivision (h) of section 1305 permits the parties to agree to tolling of the appearance period "[i]n cases arising under subdivision (g)," when the prosecutor has not yet waived extradition and instead agrees the bail agent should have more time to return the defendant.  The bail agent made no showing here that it had temporarily detained the defendant in another jurisdiction.  At best, the bail agent had information the defendant was in Las Vegas, Nevada, and it was "attempting to obtain an identification affidavit" from local law enforcement.

4

your motion." Elsewhere, the court noted they were "outside the 185th-day [*sic*] period, well outside, because the original date of the defendant's absconding was in 2012."

Later in the day on March 19, 2014, Judge Martin entered summary judgment against the surety on the forfeited bond. The supervising judge of the criminal court had ordered Judge Martin to enter all summary judgments on forfeited bail bonds.

The surety and bail agent filed a motion to set aside the summary judgment, vacate forfeiture, and exonerate the bond. In pertinent part, they argued the court prematurely entered summary judgment because Judge Korn's "oral ruling" denying the last motion to extend the appearance period was "not a final decision." They asserted that, since Judge Korn had not entered a written ruling denying the motion, the judge retained the plenary power to change the ruling. They argued the appearance period had not "elapsed" (§ 1306, subd. (a)) until the judge made a final decision and summary judgment was premature until that time as well. They submitted court minutes showing the bail agent had filed the motion to extend but no ruling on the motion on March 19. These minutes were printed on March 21, 2014.

The opposition of the County of Los Angeles (County) argued that summary judgment was not premature because Judge Korn's denial of the motion to extend the appearance period was, in fact, entered into the minutes. The County submitted a copy of the minutes for March 19 showing the denial of the motion to extend. These minutes were printed on April 30, 2014.

The court (Judge Martin) denied the motion to set aside the summary judgment.[4] Judge Martin recognized that, when she entered summary judgment, Judge Korn's

---

[4]    The surety and bail agent have filed a motion to augment the record with the minutes of the hearing on the motion to set aside the summary judgment. We grant the motion to augment. They have also filed a request for judicial notice of materials that purportedly show Ezell was arrested in Clark County, Nevada in August 2014, and appeared in Los Angeles County Superior Court in September 2014. The County opposes this request for judicial notice. We deny the request. These materials are not relevant to the appeal and they are unnecessary for our disposition. (*Arce v. Kaiser*

5

official minutes denying the motion to extend had not been prepared. (They were apparently prepared sometime between March 21, when the surety and bail agent checked the minutes and found no entry denying the motion, and April 30, when the County checked the minutes and found such an entry.) But Judge Martin had relied on Judge Korn's handwritten notes in the file, which indicated Judge Korn denied the motion and "[s]ummary judgment [was] to issue forthwith."

The surety and bail agent filed a timely notice of appeal from the order denying the motion to set aside the summary judgment.

## STANDARD OF REVIEW

"Certain fixed legal principles guide us in the construction of bail statutes. The law traditionally disfavors forfeitures and this disfavor extends to forfeiture of bail. [Citation.] Thus, sections 1305 and 1306 must be strictly construed in favor of the surety to avoid the harsh results of a forfeiture." (*People v. Surety Ins. Co.* (1985) 165 Cal.App.3d 22, 26.) "The standard of review, therefore, compels us to protect the surety, and more importantly the individual citizens who pledge to the surety their property on behalf of persons seeking release from custody, in order to obtain the corporate bond." (*County of Los Angeles v. Surety Ins. Co.* (1984) 162 Cal.App.3d 58, 62.) "Bail forfeiture statutes are jurisdictional and, if not strictly followed, the court loses jurisdiction to later declare a forfeiture of the bond." (*People v. Bankers Ins. Co.* (2009) 171 Cal.App.4th 1529, 1532.)

"Ordinarily, appellate courts review an order denying a motion to vacate the forfeiture of a bail bond under an abuse of discretion standard. [Citation.] When the appellate court is deciding only legal issues, however, such as jurisdictional questions and matters of statutory interpretation, the abuse of discretion standard does not apply. [Citation.] When the facts are undisputed and only legal issues are involved, appellate

---

*Foundation Health Plan, Inc.* (2010) 181 Cal.App.4th 471, 482.) As well, there is no evidence these materials were presented to the trial court.

6

courts conduct an independent review." (*People v. International Fidelity Ins. Co.* (2012) 204 Cal.App.4th 588, 592.)

In this case, the facts are undisputed, the only issues presented are legal, and we conduct an independent review.

## DISCUSSION

The bail agent and surety contend the court acted in excess of jurisdiction because it entered summary judgment prematurely, and as such, the court should have vacated the judgment. (See *People v. American Contractors Indemnity Co., supra*, 33 Cal.4th 653, 657, 659 [summary judgment entered on the last day of the 185-day appearance period was premature and voidable].) As they did below, they note Judge Korn had not entered her ruling denying the motion to extend the appearance period into the official minutes when Judge Martin entered summary judgment. Thus, they assert, the ruling denying the motion was not final, Judge Martin had no jurisdiction to act, and the judgment was void. Moreover, they argue we should order the bond exonerated because the court did not enter a proper summary judgment within 90 days of the date on which it could first enter judgment. (§ 1306, subd. (c).)

We reject these arguments. Regardless of whether Judge Martin had jurisdiction to enter summary judgment, the court actually entered summary judgment *late* and not prematurely, as we shall explain. But the bail agent and surety cannot rely on the tardiness of the summary judgment to vacate it. They are estopped from relying on the court's late entry of summary judgment.[5]

---

[5] The parties did not initially brief the issue of whether the court entered summary judgment late rather than prematurely. Pursuant to Government Code section 68081, we requested supplemental briefing on the issue and have reviewed the parties' supplemental briefs. We affirm on this ground because we may uphold the trial court's decision if it is correct on any theory of law applicable to the case, even if it was not the theory applied by the trial court. (*Hills for Everyone v. Local Agency Formation Com.* (1980) 105 Cal.App.3d 461, 468-469.)

7

*1. The court overextended the appearance period, leading it to enter summary judgment late*

The court granted three extensions of the appearance period under section 1305.4, which provided that, for good cause shown, the court may extend the appearance period "to a time not exceeding 180 days from its order." Section 1305.4 should not be read to permit "an unlimited series of extensions as long as good cause is shown and no single extension is longer than 180 days." (*People v. Taylor Billingslea Bail Bonds* (1999) 74 Cal.App.4th 1193, 1198.) Such a reading would permit the surety and bail agent to "drag the forfeiture period on indefinitely" and "would violate the policy and spirit of the statutory framework . . . which strongly favors limiting the amount of time a surety has to challenge forfeiture." (*Id*. at p. 1199.) It is well settled that *all* extensions beyond the original 185-day appearance period must amount to no more than 180 days. (*People v. Accredited Surety & Casualty Co., Inc.* (2013) 220 Cal.App.4th 1137, 1148; *People v. Bankers Ins. Co.* (2010) 182 Cal.App.4th 1377, 1382 (*Bankers Ins. Co.*); *People v. Taylor Billingslea Bail Bonds, supra*, at p. 1199.)

Here, the extensions totaled well beyond 180 days. The original 185-day period expired on July 23, 2012. With the three extensions, the court extended the appearance period to August 5, 2013, *378 days* after the original period expired and well over the 180-day limit of section 1305.4.[6] Judge Korn recognized as much when she denied the last motion for extension, commenting several times on the overextended period. One hundred eighty days after July 23, 2012, was January 19, 2013. The appearance period "ha[d] elapsed" somewhere around this time, and the court was obligated to enter summary judgment then. (§ 1306, subd. (a).)

Section 1306 tells us that if the court does not enter summary judgment "within 90 days" after the appearance period expires, "the right to do so expires and the bail is

---

**6**      This calculation does not even account for the fourth expansion of the appearance period to March 3, 2014. That was not an extension under section 1305.4, but as explained above, a stipulated period of tolling under section 1305, subdivision (h).

exonerated." (§ 1306, subd. (c); see *Bankers Ins. Co., supra*, 182 Cal.App.4th at p. 1382.) The court entered summary judgment on March 19, 2014—long after January 19, 2013, plus 90 days. In other words, the summary judgment came late and was far from premature.

## 2. Principles of estoppel bar the bail agent and surety from benefitting from the court's late entry of summary judgment

Nevertheless, we decline to hold the summary judgment should be vacated as untimely under these circumstances. The bail agent and surety are estopped from benefitting from the court's error when their affirmative conduct—the filing of three motions for extension—encouraged it. Several courts have held as much in similar situations. (E.g., *Bankers Ins. Co., supra*, 182 Cal.App.4th at p. 1385; *People v. National Automobile & Casualty Ins. Co.* (2000) 82 Cal.App.4th 120, 126-127; *County of Los Angeles v. Ranger Ins. Co.* (1999) 70 Cal.App.4th 10, 18 (*Ranger*).)

For instance, in *Bankers Ins. Co.*, the surety sought—and the court granted—an extension of the appearance period beyond what sections 1305 and 1305.4 permitted. (*Bankers Ins. Co., supra*, 182 Cal.App.4th at p. 1385.) Consequently, when the surety could not secure the defendant's appearance, the court entered summary judgment more than 90 days after the properly calculated expiration of the appearance period. (*Ibid.*) The surety filed a motion to vacate the order of forfeiture and the judgment, which the trial court denied. (*Id.* at p. 1381.) On appeal, the surety argued the court had lost jurisdiction to enter judgment because it failed to do so within the time required by statute. (*Id.* at p. 1382.) We agreed the court "was without authority to enter summary judgment"; however, that was "not the end of the matter." (*Ibid.*) We held the court had fundamental jurisdiction over the matter and merely acted in excess of its jurisdiction. In such cases, a party could be precluded from setting aside the court's act by principles of estoppel. (*Id.* at pp. 1382-1384.) The rule applied in *Bankers Ins. Co.* because the surety's affirmative conduct caused the court to erroneously extend the appearance period. (*Id.* at p. 1386.) We noted: "To permit the surety to have it both ways—to obtain more time to avoid forfeiture of the bond, and then to have the bond exonerated

9

because the judge gave them more time—would be to allow an intolerable manipulation of the trial courts. This we cannot and will not condone." (*Ibid*.)

Similarly, in *Ranger*, the court estopped the surety from relying on the trial court's untimely entry of summary judgment. (*Ranger, supra*, 70 Cal.App.4th at p. 12.) The trial court had tolled the running of the appearance period at the surety's request but later entered summary judgment on the bail forfeiture. (*Id.* at pp. 13-14.) The surety filed a motion to vacate the judgment, discharge the forfeiture, and exonerate the bond. It argued the trial court did not have sufficient facts on which to base its tolling order and thus no tolling properly occurred; therefore, the court should have entered summary judgment at an earlier time and the summary judgment was improper. (*Id.* at p. 15.) The trial court denied this motion to vacate, and the appellate court affirmed based on principles of estoppel. (*Id.* at pp. 15, 19.) It explained: "[The surety] came to the trial court . . . with its hat in hand, seeking and receiving a favor—the tolling of the statutory time period in which to have the forfeiture on its bond vacated. Having been handed the favor, [the surety] now seeks to bite the hand from which the favor was obtained by contending the trial court was without authority to toll the running of the 185-day period . . . . We will not permit [the surety] to 'trifle with the courts.'" (*Id.* at pp. 18-19.)

In our case, the surety and bail agent want us to completely ignore the obvious facts that establish summary judgment was overdue because of their own conduct in seeking multiple extensions. They suggest we close our eyes to those facts and instead focus on the parties' stipulated tolling of the appearance period. They assert we should enforce that stipulation regardless of what came before it, and under that tolling period, the court entered summary judgment prematurely. This we cannot do.

The tolling period itself came much too late. By the time the parties stipulated to tolling (by motion filed August 2, 2013), the appearance period had long elapsed (on or around January 19, 2013). A period may not be tolled when it has already expired.

Furthermore, the sentiments expressed in *Bankers Ins. Co.* and *Ranger* apply with equal force here. We are loathe to encourage sureties and bail agents to request unauthorized extensions from busy judges and, when their requests are honored and they

10

still cannot produce the defendant, claim the court should vacate the judgment because it actually entered the judgment "prematurely" based on some other procedural technicality. A finding that summary judgment was premature under the circumstances of this case would defy logic.

In sum, the surety and bail agent received much more time to produce Ezell than the statutory scheme allowed. They maintain that the appearance period had not elapsed when the court entered summary judgment because a ruling on their motion was still pending. But if anything, the summary judgment was late. They are estopped from relying on and benefitting from the late entry of summary judgment caused by their affirmative conduct.

## DISPOSITION

The order is affirmed. The County shall recover costs on appeal.

FLIER, J.

WE CONCUR:

BIGELOW, P. J.

RUBIN, J.

11