Filed 9/1/20  P. v. North River Insurance Co. CA2/3

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(a). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115(a).

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>THE NORTH RIVER INSURANCE COMPANY et al.,<br><br>    Defendants and Appellants. | B294461<br><br>Los Angeles County<br>Super. Ct. Nos. SJ4539,<br>BA442748 |

APPEAL from a judgment and postjudgment order of the Superior Court of Los Angeles County, Leslie A. Swain, Christopher K. Lui, and Alison Matsumoto Estrada, Judges. Affirmed.

Jefferson T. Stamp for Defendants and Appellants The North River Insurance Company and Bad Boys Bail Bonds.

Mary C. Wickham, County Counsel, Adrian G. Gragas, Assistant County Counsel, and Latasha N. Corry, Deputy County Counsel, for Plaintiff and Respondent.

## INTRODUCTION

Defendants The North River Insurance Company (North River) and Bad Boys Bail Bonds (Bad Boys)[1] appeal from the summary judgment entered on a bond forfeiture and the order denying appellants' motion to set aside the summary judgment. Appellants contend the court violated Penal Code[2] section 1306 and North River's due process rights because the judge who entered the summary judgment is not the same judge who declared the bond forfeited. We affirm.

## FACTS AND PROCEDURAL BACKGROUND

In December 2015, North River posted a $100,000 bond to secure the release of the defendant, Calixto Chavez, in the underlying criminal proceeding. In February 2017, Chavez failed to appear in that proceeding. The Honorable Leslie A. Swain ordered the bond forfeited. The court mailed notice of the forfeiture to North River and Bad Boys in March 2017. In September 2017, the court extended by 180 days the period in which North River could produce Chavez to vacate the forfeiture and exonerate the bond.

In March 2018, Bad Boys filed a motion to vacate the forfeiture and exonerate the bond, arguing a "permanent

---

[1] We sometimes collectively refer to North River and Bad Boys as "appellants."

[2] All undesignated statutory references are to the Penal Code.

disability" prevented Chavez from reappearing in court because he had returned to Mexico and was barred from reentering the United States (see § 1305, subd. (d)). Bad Boys attached supporting evidence to the motion to vacate. In July 2018, after reviewing the moving papers and hearing oral argument, the Honorable Christopher K. Lui denied the motion.

On August 1, 2018, Judge Lui entered summary judgment against North River on the bond in the amount of $100,435. The court mailed notice of entry of the summary judgment on August 3, 2018.

On October 2, 2018, North River and Bad Boys filed a joint motion to set aside the summary judgment, vacate the forfeiture, and exonerate the bond. Appellants argued the summary judgment was void because it "was not rendered by the judge [who] declared the bail forfeiture in violation of Penal Code Section 1306(a) and Constitutional Due Process." The court denied appellants' motion on November 16, 2018.

North River and Bad Boys filed a timely notice of appeal.

## DISCUSSION

North River and Bad Boys contend the summary judgment is void because it was not entered by the same judge who declared the bond forfeited. Specifically, appellants argue the procedure that the court used violated North River's federal due process rights and section 1306. We disagree.

### 1. Bond Forfeiture Statutory Scheme

Under section 1305, subdivision (a), a trial court must declare a bail bond forfeited if a defendant fails to appear at a specified court proceeding without sufficient excuse. Once the forfeiture is declared, the court must mail notice to the surety

3

and the bail agent if the underlying bond is greater than $400. (§ 1305, subd. (b).) The surety then has 185 days (180-day statutory period plus 5 days for mailing) to bring the defendant to court (appearance period). (*Id.*, subd. (c)(1); *People v. Western Ins. Co.* (2012) 204 Cal.App.4th 1025, 1030.) For good cause, a surety may obtain an extension of the appearance period for a maximum 180 additional days. (§ 1305.4.) If the defendant is brought back to court during the appearance period, the court must vacate the forfeiture and exonerate the bond. (§ 1305, subd. (c)(1).)

If the surety doesn't bring the defendant back to court within the appearance period, "the court which has declared the forfeiture shall enter a summary judgment" against the surety in the amount of the forfeited bond plus costs. (§ 1306, subd. (a).) If the court does not enter the summary judgment within 90 days of the end of the appearance period, "the right to do so expires and the bail is exonerated." (*Id.*, subd. (c).)

A bail bond is "regarded as a contract between the government and the surety." (*People v. Accredited Surety Casualty Co.* (2014) 230 Cal.App.4th 548, 555.) Thus, a summary judgment on a bond forfeiture is a "consent judgment" entered under consent given in the underlying bond agreement. (*People v. American Contractors Indemnity Co.* (2015) 238 Cal.App.4th 1041, 1047 (*American Contractors*).) Because it is a consent judgment, a summary judgment in a bail forfeiture is "entered without a hearing and the proceedings are not adversarial."[3]

---

[3] The bond in this case provides in relevant part: "If the forfeiture of this bond be ordered by the Court, judgment may be summarily made and entered forthwith against the said THE NORTH RIVER INSURANCE COMPANY for the amount of its undertaking herein as provided by Sections 1305 and 1306 of the Penal Code."

(*County of Los Angeles v. Amwest Surety Ins. Co.* (1983) 147 Cal.App.3d 961, 967 (*Amwest Surety*).)

We generally review issues related to the forfeiture of a bond for abuse of discretion. (*People v. International Fidelity Ins. Co.* (2012) 204 Cal.App.4th 588, 592.) But where, as here, we are asked to decide only legal issues, such as questions concerning the court's jurisdiction and matters of statutory interpretation, our review is de novo. (*Ibid.*)

### 2.    Section 1306

"Our primary task in construing a statute is to determine the Legislature's intent." (*Jarrow Formulas, Inc. v. LaMarche* (2003) 31 Cal.4th 728, 733.) To do so, we first look to the plain meaning of the words of the statute. (*Ibid.*) " ' "If the language is clear and unambiguous there is no need for construction, nor is it necessary to resort to [extrinsic] indicia of the intent of the Legislature … ." ' [Citation.]" (*Ibid.*)

North River and Bad Boys argue the court erred when it entered summary judgment on the bond because section 1306 requires the same judge who declared the bond forfeited to enter the summary judgment. Specifically, appellants contend the Legislature's use of the definite article "the" immediately before "court" in section 1306 to identify the court which must enter summary judgment shows the Legislature intended for the same judge to declare the bond forfeited and subsequently enter the summary judgment. Appellants contend that, since the definite article "the" refers to a "specific thing," the Legislature "was identifying a particular court, as in 'the [same] court that declared the forfeiture.' " According to appellants, "[h]ad the Legislature intended to permit any judge … who did not actually declare the forfeiture[] to enter summary judgment, it would have

5

used the indefinite article 'a' as it did in Penal Code Section 1305(a)." We disagree for a couple of reasons.

First, the plain language of section 1306 does not support appellants' interpretation. As noted above, section 1306 provides that "the court which has declared the forfeiture shall enter the summary judgment … ." (§ 1306, subd. (a).) The statute refers only to the court, not a particular judge. Indeed, a cause is generally "before the court, not the individual judge of that court, and the jurisdiction which the judge exercises is the jurisdiction of the court, not of the judge." (See *People v. Madrigal* (1995) 37 Cal.App.4th 791, 795.) Nothing in the statute indicates the same judge must declare the bond forfeited and subsequently enter the summary judgment. (*People v. North River Insurance Co.* (Aug. 17, 2020, B295923) __ Cal.App.5th __ [p. 6] (*North River*) [section 1306's language requiring the same court that declared the bond forfeited to enter the summary judgment "does not state, and does not mean, the same judge of the court must enter both orders"].)

Second, the Legislature has, in other contexts, specifically provided that the *same judge*, and not just the same court, must perform a series of specific acts, unless that judge is unavailable. (See § 1170.18, subd. (l) ["If the court that originally sentenced the petitioner is not available, the presiding judge shall designate another judge to rule on the petition or application"]; Code Civ. Proc., §§ 635 ["when the judge who heard or tried the case is unavailable, the formal judgment or order conforming to the minutes may be signed by the presiding judge of the court or by a judge designated by the presiding judge"], 1008, subd. (a) [applying party may "make application to the same judge or court that made the [challenged] order, to reconsider the matter and

6

modify, amend, or revoke the prior order"].) The Legislature, therefore, knows how to require a specific judge, as opposed to the court where the judge sits, to perform the act at issue. Had the Legislature intended for the same judge who declared a bond forfeited to enter the summary judgment on that forfeiture, the Legislature would have provided for such a procedure in section 1306. (*Southern Pac. Transportation Co. v. State Bd. of Equalization* (1985) 175 Cal.App.3d 438, 443 [" 'It is a well recognized principle of statutory construction that when the Legislature has carefully employed a term in one place and has excluded it in another, it should not be implied where excluded.' "].)

Third, the Law Revision Commission's comment concerning a 2012 amendment to section 1306 indicates the Legislature did not intend for the term "the court" to mean "the judge," such that the same judge who declared the bond forfeited must enter the summary judgment. (See *HLC Properties, Ltd. v. Superior Court* (2005) 35 Cal.4th 54, 62 [Law Revision Commission comments are given "substantial weight" in interpreting the intent of a statute].) Prior to 2013, section 1306 provided that "the court which has declared the forfeiture, regardless of the amount of the bail, shall enter a summary judgment." (Former § 1306, subd. (a).) The 2012 amendment removed the words "regardless of the amount of the bail." (Stats. 2012, ch. 470 (A.B. 1529 (2011–2012 Reg. Sess.)), § 50.) As the Law Revision Commission explained, "before unification [of superior and municipal courts], it was necessary to make clear that a municipal court was authorized to enter summary judgment on a bail forfeiture even though the amount of bail exceeded the jurisdictional limit of the municipal court." (Cal. Law Revision Com. com., West's Ann. Pen. Code, foll.

§ 1306.) The comment, therefore, suggests the Legislature used the phrase "the court which has declared the forfeiture" to ensure that a bond forfeiture proceeding was not transferred between a municipal court and a superior court before the summary judgment was issued, not to ensure that the judge who declared the bond forfeited is the same judge who later enters the summary judgment. (See *North River*, *supra*, __ Cal.App.5th __ [pp. 8–9] [in enacting section 1306, "the Legislature's concern was with the jurisdiction of the forfeiture court to enter summary judgment, not with the identity of the particular bench officer making that decision"].)

Appellants' reliance on *People v. Frontier Pacific Ins. Co.* (2000) 83 Cal.App.4th 1289 is misplaced. In *Frontier*, the surety appealed a summary judgment entered on a forfeited bond after the clerk of the court, and not the judge, signed the summary judgment order. (*Id.* at p. 1292.) The reviewing court held it was error for the clerk to sign the summary judgment order because "[t]he rendition of judgment is not a ministerial act which may be delegated to the clerk." (*Id.* at p. 1294.) The statute, therefore, clearly requires a summary judgment order on a forfeited bond to be signed by a judicial, not a ministerial, officer. (*Id.* at p. 1295.) The reviewing court held the judgment was "void for lack of execution by a judge." (*Id.* at p. 1294) The court in *Frontier*, however, never considered the question whether section 1306 required the same judge who declared the bond forfeited to enter the summary judgment on the forfeited bond. *Frontier*, therefore, does not support appellants' argument. (*Agnew v. State Bd. of Equalization* (1999) 21 Cal.4th 310, 332 [" 'It is axiomatic, of course, that a decision does not stand for a proposition not considered by the court.' "].)

8

In short, we reject appellants' argument that section 1306 should be interpreted to require the same judge who declared a bond forfeited to enter the summary judgment on the forfeited bond.

### 3. Due Process

Appellants next contend the court violated North River's due process rights when a different judge from the one who declared the bond forfeited entered the summary judgment. Specifically, appellants argue the procedure violates due process because the judge who entered the summary judgment did not have an opportunity to evaluate the evidence supporting the declaration of the bond forfeiture. (See *European Beverage, Inc. v. Superior Court* (1996) 43 Cal.App.4th 1211, 1214 [a party " 'cannot be compelled to accept a decision upon the facts from another judge or another jury' "].) This argument also lacks merit.

As we explained above, a summary judgment on a bond forfeiture is a consent judgment. (*American Contractors*, *supra*, 238 Cal.App.4th at p. 1047.) By entering into the bond agreement, North River agreed to be bound by sections 1305 and 1306. Under section 1306, a summary judgment on a bond forfeiture is entered without notice or an evidentiary hearing. (*Amwest Surety*, *supra*, 147 Cal.App.3d at p. 967.) Thus, by entering into the bond agreement, North River waived any right to a noticed evidentiary hearing when the summary judgment is entered.

In any event, North River received notice of the bond forfeiture and had an opportunity to oppose the forfeiture through an evidentiary hearing. (*People v. Surety Ins. Co.* (1978) 82 Cal.App.3d 229, 237 (*Surety Ins.*) [due process precludes the

9

deprivation of property without notice and the opportunity to be heard].) Under section 1306, the court may enter summary judgment on a forfeited bond only after the surety is provided notice of the declaration of forfeiture and the appearance period under section 1305 expires without the forfeiture being set aside. (See *Surety Ins.*, at p. 240.) During the appearance period, the surety has the right to move to set aside the forfeiture of the bond or it can produce the criminal defendant, at which point the court must vacate the forfeiture and exonerate the bond. (§ 1305, subd. (c)(1); *Surety Ins.*, at p. 240.) The hearing on a motion to set aside a bond forfeiture is an evidentiary hearing. (*Surety Ins.*, at p. 240.)

After declaring the bond forfeited in this case, the court mailed North River notice of the forfeiture. That notice informed North River that its obligation to pay the bond would become absolute after the expiration of the appearance period. The notice also advised North River that it could set aside the forfeiture if, within the appearance period, it "surrender[ed] the defendant to the court or to custody" or "appear[ed] in court" and successfully moved "to set aside the forfeiture of bail/bond." Appellants don't dispute that North River received notice of the declaration of forfeiture and its right to a hearing to set aside the forfeiture. As the court in *Surety Ins.* explained, there is no denial of due process when the surety is notified of the bond forfeiture and provided an opportunity to respond during the appearance period through an evidentiary hearing on whether the bond forfeiture should be vacated. (*Surety Ins.*, *supra*, 82 Cal.App.3d at p. 240.)

Moreover, appellants don't contend, nor does anything in the relevant statutory scheme suggest, that a surety cannot request an evidentiary hearing to set aside the forfeiture before

10

the same judge tasked with entering the summary judgment. Indeed, as noted above, Bad Boys filed a motion to vacate the forfeiture and exonerate the bond, which was heard and ruled on by Judge Lui, the judge who entered the summary judgment. Thus, North River had ample time to request an evidentiary hearing before the same judge who entered the summary judgment, but it never did. Appellants, therefore, have not shown North River's due process rights were violated by the procedure the court used to enter summary judgment on the forfeited bond. (*Surety Ins.*, *supra*, 82 Cal.App.3d at p. 239 ["No deprivation of due process is involved in such a procedure which obliges the opponent of a declared course of action to demand a hearing."].) Appellants also do not point to any evidence in the record that would support a finding that entry of the summary judgment was erroneous, such as evidence that the bond forfeiture should have been set aside or that the declaration of the forfeiture was erroneous.

## DISPOSITION

The judgment and order are affirmed. Respondent shall recover its costs on appeal.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

LAVIN, J.

WE CONCUR:

EDMON, P. J.

DHANIDINA, J.