Filed 10/2/20  P. v. North River Ins. Co. CA2/4

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE, | B294357 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No.  OSJ1907) |
| v. | |
| NORTH RIVER INSURANCE CO. et al., | |
| Defendants and Appellants. | |

APPEAL from an order of the Superior Court of Los Angeles County, Maame Frimpong, Judge.  Affirmed.

Jefferson T. Stamp for Defendants and Appellants.

Mary Wickham, County Counsel, Adrian G. Gracas and Yuan Chang, Deputy County Counsel for Plaintiff and Respondent.

# INTRODUCTION

Appellant The North River Insurance Company (North River) posted a bail bond through its agent, appellant Bad Boys Bail Bonds (Bad Boys), for the release of a criminal defendant. After the defendant, without excuse, failed to appear, the superior court declared the bond forfeited. Once the court mailed appellants notice of the forfeiture, they had about 180 days to either produce the defendant or move to vacate the forfeiture. Appellants sought and obtained an extension of time to produce the defendant. After appellants still had not produced the defendant, and had not sought a second extension or other relief from forfeiture, a different judge of the superior court entered summary judgment on the bond under Penal Code section 1306.[1] Appellants noticed an appeal, but later abandoned it.

Several months after the judgment became final, appellants moved to set it aside, arguing it was void because the judge who rendered it was not the same judge who declared the forfeiture. The trial court denied their motion.

On appeal, appellants argue that having a different judge render judgment on the bond both deprived them of due process and violated their rights under section 1306. In addition, relying on a discrepancy between the superior court's extension order and the "conformed copy" of the order they had received from the court, appellants argue for the first time in this appeal that the court entered summary

---

[1]      Undesignated statutory references are to the Penal Code.

2

judgment prematurely.  We reject their contentions and affirm.

## BACKGROUND

### A. *The Bail Bond and the Forfeiture*

In December 2014, Bad Boys, acting as North River's agent, posted a $30,000 bail bond for the release of criminal defendant Minghui Li.  On July 30, 2015, Li failed to appear for a preliminary hearing, and his attorney could not provide an excuse for his absence.  Thus, Judge Michael Villalobos, who presided over the hearing, declared the bond forfeited, and the court mailed a notice of forfeiture to both appellants on August 20, 2015.  Under section 1305, subdivisions (b)-(c), appellants then had 185 days to either produce Li or move to vacate the forfeiture.  That period -- often referred to as "'the appearance period'" (*People v. Financial Casualty & Surety, Inc.* (2017) 10 Cal.App.5th 369, 377) -- was set to expire on February 21, 2016.

### B. *The Superior Court's Extension of the Appearance Period*

A few days before the appearance period was to expire, appellants moved for an extension, requesting an additional 180 days from the date of any order granting their motion, as section 1305.4 allows on a showing of good cause.  They submitted a proposed order providing for an extension of "____ days from the date of this order to _____ ," leaving the number of days and the resulting date blank.  On March 18,

3

2016, the court granted appellants an extension, filling in the blanks in the proposed order to provide for an extension of "180 days from the date of this order to 8-19-16 ." However, August 19 was actually 180 days from February 21, the date the initial appearance period expired; 180 days from the court's order would have been September 14. Rather than the court's original order, appellants received a "conformed copy," which stated only that the court granted the extension to August 19, leaving the number of days blank.

### C. *The Summary Judgment, Appellants' Prior Appeal, and Their Subsequent Motion to Set Aside the Judgment*

On September 9, 2016, after appellants failed to produce Li and filed no additional motions, then-Judge Dorothy Kim rendered summary judgment on the bond under section 1306, subdivision (a).[2] Appellants filed a notice of appeal, and on August 22, 2017, filed the record on appeal. It is undisputed that the record included the

---

[2] Section 1306, subdivision (a), which we discuss more fully below, provides: "When any bond is forfeited and the period of time specified in Section 1305 has elapsed without the forfeiture having been set aside, the court which has declared the forfeiture shall enter a summary judgment against each bondsman named in the bond in the amount for which the bondsman is bound. The judgment shall be the amount of the bond plus costs, and notwithstanding any other law, no penalty assessments shall be levied or added to the judgment." (*Ibid.*)

superior court's original extension order. After appellants failed to file an opening brief, this court dismissed the appeal as abandoned, and in January 2018, the remittitur issued (B278924).

In September 2018, appellants filed a motion to set aside the summary judgment, arguing that it was void because the judge who signed it (Judge Kim) was not the same judge who declared the bond's forfeiture (Judge Villalobos). Following a hearing, the trial court denied the motion. This appeal followed.

## DISCUSSION

Appellants challenge the trial court's denial of their motion to set aside the judgment, renewing their argument that the judgment is void because the judge who signed it was not the same judge who declared the bail bond's forfeiture. Alternatively, appellants contend for the first time that the court entered summary judgment prematurely, and that the judgment is therefore voidable.

Appellate courts generally review an order denying a motion to vacate the forfeiture of a bail bond for abuse of discretion. (*People v. International Fidelity Ins. Co.* (2012) 204 Cal.App.4th 588, 592.) The same standard applies in the context of an order denying a motion to set aside summary judgment on a bond. (*Ibid.*) But where, as here, the facts are undisputed and we must decide only legal issues, such as jurisdictional questions and matters of

statutory interpretation, we review the trial court's order de novo.  (*Ibid.*)

**A.** ***The Judge Who Renders the Summary Judgment Need Not Be the Same Judge Who Declared the Bond's Forfeiture***

Appellants argue the summary judgment is void because the judge who rendered it was not the same judge who declared the bail bond's forfeiture.  They claim having a different judge render the summary judgment violated both their constitutional right to due process and section 1306's mandate.

"'The statutory scheme governing bail forfeitures is found in . . . section 1305 et seq.  These provisions must be carefully followed by the trial court, or its acts will be considered without or in excess of its jurisdiction.'" (*People v. United States Fire Ins. Co.* (2015) 242 Cal.App.4th 991, 998-999.)  When a surety posts a bail bond, it must contractually agree that if the court declares the forfeiture of the bond, judgment on the bond "may be summarily made and entered forthwith . . . as provided by Sections 1305 and 1306." (§ 1278, subd. (a) [before indictment], §1287, subd. (a) [after indictment].)

Section 1305, subdivision (a), requires the court to declare the forfeiture of the bond if a defendant fails to appear at a specified court proceeding without sufficient excuse.  (*Ibid.*)  In most cases, the surety is then given 185 days from the mailing of notice of the forfeiture to return the

6

defendant to court or move to vacate the forfeiture.  (§ 1305, subds. (b)-(c).)  The court may grant the surety up to 180 additional days to deliver the defendant on a showing of good cause.  (§ 1305.4.)

If the defendant is brought to court during this appearance period, the court must vacate the forfeiture and exonerate the bond.  (§ 1305, subd. (c)(1).)  On the other hand, if "the period of time specified in Section 1305 has elapsed without the forfeiture having been set aside, the court which has declared the forfeiture shall enter a summary judgment against each [surety]."  (§ 1306, subd. (a).)

"A summary judgment in a bail forfeiture is a consent judgment entered without a hearing and the proceedings are not adversarial."  (*People v. American Contractors Indemnity Co.* (2015) 238 Cal.App.4th 1041, 1047 (*ACI I*).)  As a consent judgment, the summary judgment is not appealable, except to the extent it violates the terms of the consent.  (*People v. Wilshire Ins. Co.* (1975) 46 Cal.App.3d 216, 219 (*Wilshire*).)  Thus, "[t]he only issue in a challenge to the summary judgment is whether it was entered pursuant to the terms of the consent, which requires compliance with Penal Code sections 1305 and 1306."  (*ACI I, supra*, at 1047.)

Appellants argue it is a denial of due process for a new judge to render the summary judgment without having heard all the evidence.  However, their constitutional argument is misguided.  Appellants may challenge the procedure the superior court employed in entering the

7

summary judgment -- a consent judgment -- only to the extent it violated the terms of their consent.  (See *ACI I*, *supra*, 238 Cal.App.4th at 1047.)  As their due process challenge to the entry of judgment does not relate to the terms of their consent, it is improper.  (See *ibid.*; *Wilshire*, *supra*, 46 Cal.App.3d at 220.)

Moreover, if appellants' argument were cognizable, we would not find it persuasive.  Under section 1306, the court must enter summary judgment on the forfeited bond if the appearance period "has elapsed without the forfeiture having been set aside. . . ."  (§ 1306, subd. (a).)  Thus, the only relevant "evidence" the court need consider is whether the appearance period has expired and whether the forfeiture has been set aside.  Any information the judge who declared the forfeiture learned at the hearing at which the defendant failed to appear is irrelevant to the entry of summary judgment.  Accordingly, appellants cannot establish a violation of due process.

Appellants' statutory argument fares no better.  They contend section 1306 itself requires that the same judge who declared the forfeiture also render the judgment, asserting that this provision's reference to "'the court which has declared the forfeiture'" actually refers to "'the judge'" who has declared the forfeiture.  In support, appellants cite cases for the proposition that the Legislature sometimes uses the terms "court" and "judge" interchangeably, and that it is "the character of the act" that determines which of the two it actually intended.  (*Newby v. Bacon* (1922) 58 Cal.App. 337,

8

339.) Yet the character of the entry of summary judgment in bond forfeiture proceedings -- a summary procedure with no hearing or consideration of substantive evidence -- supports the conclusion that the judge who renders judgment need not be the same judge who declared the forfeiture up to one year earlier.

Furthermore, when the Legislature anticipates that the same judge will perform multiple acts, it says so. (See, e.g., Code Civ. Proc., § 635 ["when the judge who heard or tried the case is unavailable," the presiding judge or another designated judge may sign the judgment or order under certain conditions]; *id.*, § 1170.95(b)(1) ["If the judge that originally sentenced the petitioner is not available to resentence the petitioner, the presiding judge shall designate another judge"]; *id.*, § 1170.18, subd. (l) ["If the court that originally sentenced the petitioner is not available, the presiding judge shall designate another judge"].) Appellants point to no statutory provision that has been construed to require that the same judge carry out an act when it merely refers to "the court," as section 1306 does.[3]

---

[3] *People v. Frontier Pacific Ins. Co.* (2000) 83 Cal.App.4th 1289, 1295, cited by appellants, is inapposite. That case holds only that "a judge," and not the clerk of the court, must sign the summary judgment on the bail bond. (*Id.* at 1294-1295.) Similarly inapposite is appellants' reference to *Honchariw v. County of Stanislaus* (2013) 218 Cal.App.4th 1019, 1034, which explains that "[t]he Legislature's use of the definitive article 'the' . . . refers to a specific person or thing." (*Ibid.*) There is no question that section 1306 refers to either a specific person (i.e.,
(*Fn. is continued on the next page.*)

9

Finally, section 1306's legislative history confirms that it concerns the court itself, rather than an individual judge. Before 2013, section 1306 stated, "[T]he court which has declared the forfeiture, regardless of the amount of the bail, shall enter a summary judgment . . . ." (Former § 1306, subd. (a).) A 2012 amendment omitted the words "regardless of the amount of bail." (Stats. 2012, ch. 470 (Assem. Bill No. 1529 (2011-2012 Reg. Sess.) § 50.) The Law Revision Commission Comment on the 2012 amendment explains: "Subdivision (a) of Section 1306 is amended to delete language that is obsolete due to trial court unification. Before unification, it was necessary to make clear that a municipal court was authorized to enter summary judgment on a bail forfeiture even though the amount of bail exceeded the jurisdictional limit of the municipal court. [Citations.] Because municipal courts no longer exist and the superior court has no jurisdictional limit, that language is no longer needed." (Cal. Law Revision Com. com., 51 West's Ann. Pen. Code (2020 supp.) foll. § 1306, p. 187.) The Commission's comments are entitled to substantial weight. (*HLC Properties, Ltd. v. Superior Court* (2005) 35 Cal.4th 54, 62.) The historical context they provide shows the Legislature

the judge) or a specific thing (i.e., the court); the question is only which of the two. As explained, we conclude it is the latter. Finally, their reliance on *Bankers Ins. Co. v. State* (La.Ct.App. 1999) 743 So.2d 870, 872 is likewise unavailing, as that case involved a Louisiana statute, and the court's decision turned on legislative history unlike that of section 1306.

was concerned with preventing the transfer of a bond forfeiture proceeding to a different court, not to a different judge. The Commission's comments therefore confirm that section 1306 refers to "the court" as an entity, rather than to a particular judge.

In short, neither due process nor section 1306 requires that the same judge who declared the forfeiture also render the summary judgment.[4] Accordingly, the judgment is not void.

## B. *Appellants' Claim That the Summary Judgment Was Premature is Untimely*

Appellants contend the superior court's September 9, 2016, summary judgment on the bail bond was premature. They assert that by purporting to extend the appearance period by 180 days from the date of the court's order, the court extended that period to September 14, rather than August 19, the date the court's order provided.

We conclude appellants' challenge is untimely. A premature summary judgment is entered in excess of jurisdiction and is thus voidable through an appeal or a motion to vacate before the judgment becomes final. (*People*

---

[4] After this case was submitted, our colleagues in Division Seven concluded that summary judgment on a bail bond need not be rendered by the same judge who declared the forfeiture. (*People v. The North River Ins. Co.* (2020) 53 Cal.App.5th 559.) As discussed above, we agree.

*v. American Contractors Indemnity Co.* (2004) 33 Cal.4th 653, 661-663 (*ACI II*).)  But once the judgment becomes final, it may not be challenged as premature "unless 'unusual circumstances were present which prevented an earlier and more appropriate attack.'"  (*Id.* at 661.)  The summary judgment on appellants' bond became final in January 2018, when the remittitur issued in their prior appeal.  (See, e.g., *McKee v. National Union Fire Ins. Co.* (1993) 15 Cal.App.4th 282, 287 [judgment becomes final "after an appeal is concluded or the time within which to appeal has passed"].)  Thus, they may not now challenge the judgment as premature.  (See *ACI II*, *supra*, 33 Cal.4th at 661.)

Pointing to the discrepancy between the superior court's original extension order and the "conformed copy" they received, appellants argue that the latter's omission of the 180-days-extension language prevented them from challenging the judgment as premature before it became final.  We disagree.

It is undisputed that appellants were in possession of the court's original order no later than August 22, 2017, as it was part of the record they filed on that date in their prior appeal.  They therefore had the information at the heart of their current claim in their possession months before the judgment became final.  Accordingly, no unusual circumstances prevented appellants from raising their challenge in a timely manner.  (Cf. *County of Los Angeles v. Financial Casualty & Surety Inc.* (2015) 236 Cal.App.4th 37, 44 [attorney established surprise and excusable neglect

under Code Civ. Proc. § 473 where he "had no reason to suspect that he had been misinformed" by court staff].) Their claim that the judgment was premature is thus untimely.  (See *ACI II*, *supra*, 33 Cal.4th at 661.)

Moreover, were we to consider appellants' claim, we would reject it.  Regardless of any miscalculation or drafting oversight in the superior court's order, the court provided an extension to a date certain (August 19, 2016).  Appellants neither challenged that date as erroneous nor sought an additional extension.  Because the court entered judgment on the bond after the date of the extension, the judgment was not premature.  (See § 1306, subd. (a).)

### DISPOSITION

The trial court's order is affirmed.  Respondent is awarded costs on appeal.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.**

MANELLA, P. J.

We concur:

COLLINS, J.

CURREY, J.